## KLEIN v LINN et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11284. Decided April 27, 1931

SHERICK, PJ, and LEMERT and MONTGOMERY, JJ (5th Dist), sitting.

L. A. Tucker, Cleveland, for Klein.
Phillip Bartell, and Dustin, McKeehan, Merrick, Arter and Stewart, Cleveland, for Linn et.

MONTGOMERY, J.

The only difference between the amended petition and the second amended petition lies in the fact that in the latter there was inserted the statement that the Court of Appeals on or about the 23rd day of February, 1926, entered judgment reversing the conviction of the plaintiff and ordering him discharged and ordering the return of the liquor.

The insertion of this statement did not change or add to the plaintiff's cause or causes of action.

Under §11225 GC an action for malicious prosecution shall be brought within one year after the cause of action accrued.

Such action cannot be maintained until the plaintiff has been acquitted or the prosecution is fully terminated in his favor.

Newell on Malicious Prosecution and False Imprisonment, page 361, and cases cited.

As to the cause of action for malicious prosecution, it could not be brought until after the decision of the Court of Appeals on February 23, 1926, but to be available it must have been brought within one year thereafter, and it was not brought until

June 25th, 1928, or more than two years thereafter.

Under §11224 GC an action for recovery of personal property must be brought within four years after the cause thereof accrued.

A right of action in trover accrues at the time of conversion. It is immaterial whether the plaintiff knew of the conversion or not unless the fact of the conversion was fraudulently concealed from him.

Bowers "Law of Conversion," §482 and §484, and cases cited.

**State v Standard Oil Company, 49 Oh St 188.**

It follows therefore that any cause of action which the plaintiff might have had either for damages for malicious prosecution or for damages for unlawful conversion of plaintiff's property was barred by the statute of limitations.

It would seem apparent from the pleadings that a wrong was done this plaintiff by some of the defendants, but be that as it may, his remedies are prescribed by law, and the statutes of Ohio fix the time within which he may seek relief for any injury done him. Having failed to act within the time prescribed, he cannot complain. The Court of Common Pleas was right in sustaining the various demurrers to the amended petition and in striking the second amended petition from the files and rendering final judgment and therefore the judgment of the Court of Common Pleas will be affirmed and this cause remanded for execution. Exceptions may be noted.

SHERICK, PJ and LEMERT, J, concur.