CARROCIA, APPELLANT, *v.* CARROCIA ET AL., APPELLEES.

(No. 48473—Decided March 18, 1985.)

*Edward A. Heffernan,* for appellant.
*Robert G. Quandt* and *Gary H. Goldwasser,* for appellees.

JACKSON, J. This is an appeal by plaintiff-appellant, Dorothy Carrocia, from an order of the Court of Common Pleas of Cuyahoga County which granted a motion for summary judgment to defendants-appellees Robert Quandt, Leon Weiss, Quandt, Giffels & Buck Co., L.P.A., and Leon A. Weiss Co., L.P.A.

On January 8, 1982, appellant filed suit against the Cardinal Federal Savings and Loan Association, First Federal Savings and Loan Association, and Citizens Federal Savings and Loan Association, the aforementioned attorneys-appellees, Salvatore Carrocia[1] and his wife, Sandra Carrocia. The law suit was the result of events surrounding the disposition of the estate of Peter J. Carrocia, deceased.[2] The attorneys-

---

[1] Salvatore Carrocia is the son of decedent, Peter J. Carrocia. He was appointed and served as administrator of decedent's estate, although his mother, Dorothy Carrocia, had been named executrix under the decedent's will.

[2] When the marital residence was sold, as part of the settlement of decedent's estate, decedent's widow, Dorothy Carrocia, was under indictment and incarcerated on a charge of aggravated murder of her husband, Peter Carrocia.

appellees herein were retained to represent the estate of Peter J. Carrocia. As part of the settlement of the decedent's estate, the marital residence was sold and the proceeds were deposited in an escrow account with defendant First Federal Savings and Loan Association.

The relevant portion of the complaint as it related to appellees' involvement is as follows:

"18. Defendant, First Federal, issued a check, No. 86116 for $29,558.20 paid to the order of Salvatore P. Carrocia, Administrator W.W.A. of the Estate of Peter J. Carrocia.

"19. Defendant, First Federal, issued a check, No. 86115 in the amount of $29,558.20 payable to Plaintiff, Dorothy Carrocia.

"20. The two checks being numbered 86115 and 86116 were received and signed for by Defendant, Quandt.

"21. Defendant, Quandt was negligent and/or conspired with Salvatore Carrocia to deny Plaintiff, Dorothy Carrocia the proceeds of the sale of the premises at 833 Wager Road, Rocky River, Ohio.

"22. That defendant, Quandt, without authority or permission of the Plaintiff on October 20, 1978, gave the check numbered 86115 to Salvatore Carrocia.

"23. Defendant, Quandt, had been notified by the Plaintiff and Plaintiff's family that defendant, Salvatore Carrocia was going to defraud his mother and his father's estate.

"24. That Defendant, Salvatore Carrocia, as Executor of the Estate and Defendant, Quandt and Defendant, Weiss, as legal representatives, conspired and denied Plaintiff, Dorothy Carrocia the proceeds due and owing to her by First Federal.

"25. That the check numbered 86115 from Defendant, First Federal, was deposited in Defendant, Citizen Federal, absent any endorsement of Dorothy Carrocia."

On January 11, 1984, appellees filed a joint motion for summary judgment. They argued that appellant's action was not filed within the one-year statute of limitations for attorney malpractice.[3] The trial court granted appellees' motion for summary judgment on February 23, 1984. Subsequently, however, the trial court granted appellant's motions for reconsideration and leave to respond. In her brief in opposition to the motion for summary judgment, appellant asserted by affidavit that her complaint was not an action for attorney malpractice. She contended that an attorney-client relationship is essential in order to support an action for legal malpractice; that neither appellee Quandt nor appellee Weiss had ever represented appellant with respect to her husband's estate; that appellees represented the decedent's estate; and consequently, no attorney-client relationship ever developed between appellant and appellees involving said estate.

On March 20, 1984, the trial court granted appellant's motion for reconsideration. Upon reconsideration of its decision of February 23, 1984 and appellant's arguments in opposition, the trial court affirmed its order granting summary judgment and indicated "no just reason for delay," thus entering a

---

[3] R.C. 2305.11(A) provides in pertinent part:

"(A) An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, including an action for malpractice against a physician, podiatrist, hospital, or dentist, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued, provided that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, shall be brought within two years after the cause thereof accrued."

final order on behalf of the appellees. The order was amended by the trial court on April 10, 1984, to include appellee law firms. Appellant appeals and assigns one error for review.

I

In her assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of appellees where the evidence below did not conclusively demonstrate that appellant's action against appellees constituted a suit for attorney malpractice as governed by R.C. 2305.11(A).

"For purposes of applying the applicable statute of limitations, the cause of action is determined not from the language or the form of the complaint or other pleading or procedure, but from the gist (essential ground or object) of the complaint." *Hibbett* v. *Cincinnati* (1982), 4 Ohio App. 3d 128, paragraph one of the syllabus.

From the perspective of this court, the essential ground or object of appellant's complaint relating to appellees does not allege attorney malpractice. As we view it, appellant's complaint is apparently based on conversion,[4] *i.e.,* a wrongful or unauthorized act of control or exercise of dominion over the personal property of another in exclusion of the rights of the owner. See *Chamberlain* v. *Union Savings Assn.* (Mar. 6, 1980), Cuyahoga App. No. 39642, unreported; *Fulks* v. *Fulks* (1953), 95 Ohio App. 515 [54 O.O. 131]. The tort of conversion is governed by R.C. 2305.09,[5] a four-year statute of limitations.

Civ. R. 56(C) governing summary judgment provides in part that:

"Summary judgment shall be rendered * * * if the pleadings, depositions, * * * affidavits, transcripts of evidence * * * show *that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * * A summary judgment *shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."* (Emphasis added.)

After considering the complaint and the documentation submitted under Civ. R. 56(C), we conclude that the trial court erred in determining that appellant's suit was barred by R.C. 2305.11(A). It is evident from the foregoing that "the

---

[4] Appellant argued in her brief in opposition in the trial court that the action was grounded in fraud. Appellant does not allege fraud as the basis in her brief on appeal to the court; instead appellant states that "[t]he gist of this complaint sounds in tort, but certainly not in legal malpractice. * * *" Appellant's complaint does not state a cause of action in fraud. See *Hibbett, supra,* at 131; Civ. R. 9(B).

[5] "Four years; certain torts.

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"(A) For trespassing upon real property;

"(B) For the recovery of personal property, or for taking or detaining it;

"(C) For relief on the ground of fraud;

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code.

"If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered." See *Klein* v. *Linn* (App. 1931), 10 Ohio Law Abs. 560 (former G.C. 11224 governs conversion actions).

moving party is [not] entitled to judgment as a matter of law" and reasonable minds could reach more than one conclusion from the evidence presented, when that evidence is construed most strongly in appellant's favor as required by Civ. R. 56(C).

Moreover, this court is persuaded that appellant's complaint sufficiently alleges malice or bad faith on the part of appellees to defeat a motion for summary judgment. If it were otherwise, the general rule would apply that "[a]n attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his clients, unless such third person is in privity with the client * * *." See *Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98, paragraph one of the syllabus. *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154, 158, Celebrezze, C.J., dissenting. Consequently, appellant's assignment of error is well-taken.

Accordingly, the judgment of the trial court granting summary judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

ANN McMANAMON, J., concurs.

MARKUS, P.J., concurs in judgment only.