## McWILLIAMS v. HACKETT.

*Statute of limitations—Cause of action against attorney for malpractice accrues, when.*

A cause of action in favor of a client against an attorney for malpractice accrues at the time the contract of employment is terminated.

(Decided December 10, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Theodore Horstman* and *Mr. Clarence Schneiders,* for plaintiff in error.

*Mr. R. T. Hackett; Mr. S. Rotter* and *Mr. John Kilduff,* for defendant in error.

SAYRE, J. Suit was brought in the Superior Court of Cincinnati July 2, 1920, to recover from

Limitation of Actions, 37 C. J. § 179.

the defendant, now defendant in error, an attorney at law, damages for failure to have foreign executions issued in certain cases. Judgments were taken in 1910 in Hamilton county in favor of plaintiff, now plaintiff in error, against one J. C. McWilliams, one judgment for $160, one for $300, and one for $1,549.71. In these actions defendant represented the plaintiff as an attorney at law, employed for the purpose, and continued to represent plaintiff in respect to such judgments until February 6, 1918, when his contract of employment ceased.

The judgments were taken against James C. McWilliams, who was seized in fee of an undivided interest in certain real estate located in Brown county, Ohio, as one of the heirs of Michael McWilliams, who died in 1907, leaving a widow and heirs. On motion to distribute the funds realized from the sale of the Brown county farm, in the partition suit, the court there held that plaintiff in error had no valid lien on the farm, and, owing to other claims and liens, he received nothing upon such distribution.

The evidence in this case tends to show that had the executions been issued to Brown county the plaintiff in error would have realized a substantial part of his claim.

Plaintiff testified that not until July 16, 1919, did he know that defendant had failed to have execution issued to Brown county.

This suit was for malpractice, and was tried to a jury. At the close of plaintiff's case, a motion was made, and sustained, to direct a verdict for defendant on the ground that the statute of limitations, limiting suits for malpractice to one year

from the time the action accrues, barred plaintiff's cause of action.

The sole question in the case is when did plaintiff's cause of action accrue.

Plaintiff contends it did not accrue (a) until he learned that execution had not been issued to Brown county, which was on July 16, 1919, less than one year before this suit was brought, and (b) not until he learned that he had sustained a loss, which was some time after May 28, 1920, when the Brown county court decided that his liens were invalid.

The rule adopted in most jurisdictions is stated in 17 Ruling Case Law, page 766, Section 132, as follows:

"An action by a client for the misfeasance or nonfeasance of his attorney is based on the latter's breach of duty, and not on the consequential damages subsequently resulting. In such cases the general rule is that in the absence of fraudulent concealment by the attorney, the statute begins to run at the time of the neglect or misconduct and not from the time when the wrong is discovered or the consequential damages are felt."

This rule seems to be modified, at least to some extent, by the decision in the case of *Bowers* v. *Santee,* 99 Ohio St., 361. It is there held that the statute does not begin to run until the contract relation is terminated, for the reason, as expressed in the opinion, at page 367, "the patient could not know just when the initial trouble occurred that resulted in the alleged mistreatment," and, further, because "the treatment did not include merely the immediate and isolated resetting or reduction or

adjustment, but manifestly the subsequent care and treatment by the surgeon was as essential to full recovery and restoration of usefulness as was the initial setting.'' This last reason assigned seems to indicate that the full and complete breach of the contract does not take place until the termination of the contract.

In the instant case we are asked to go still further and hold that the cause of action does not accrue until the client knows that there has been a breach of the contract, or that he has suffered a loss, although the contract relation is terminated. No authority is furnished us to justify such holding, and counsel, no doubt, base their position upon the one sentence above quoted from *Bowers* v. *Santee,* to-wit, ''the patient could not know just when the initial trouble occurred that resulted in the alleged mistreatment.'' However, there is nothing in the syllabus in that case to indicate that the action does not accrue until the patient discovers the breach of the contract, or the loss sustained. There is nothing in the statute, Section 11225, General Code, to justify the idea that the action does not accrue until discovery of the breach, or loss because of the breach, and while we appreciate the argument of counsel, as illustrated by them in the case they refer to, of an attorney who fails to report a mortgage when employed to examine a title, we feel we are not justified by *Bowers* v. *Santee,* or by the rule laid down in Ruling Case Law, *supra,* in holding that the action did not accrue until discovery of the breach of the contract or loss therefrom.

To hold that the statute does not begin to run until the termination of the contract, and for a reasonable time thereafter, so that the client may have

opportunity to employ other counsel to proceed with the case, would seem to be a reasonable rule, because manifestly the client must exercise some care for his own affairs. But allowing a period of a year for this purpose, and that would certainly be a reasonable time, the action at bar would not be brought in time.

We hold, therefore, in view of the decision in *Bowers* v. *Santee,* that the action accrues at the time the contract of employment is terminated.

*Judgment affirmed.*

MIDDLETON and MAUCK, JJ., concur.

Judges of the Fourth Appellate District, sitting in place of Judges CUSHING, BUCHWALTER and HAMILTON, of the First Appellate District.