234

THE KEATON CO., APPELLANT, *v.* KOLBY, APPELLEE.
WALTERS, APPELLEE, *v.* BRENNAN, APPELLANT.

(Nos. 70-402 and 70-543—Decided July 14, 1971.)

Mr. *Harry A. Everett* and Mr. *Robert G. Morris,* for appellant in case No. 70-402.

Messrs. *Eastman, Stitchter, Smith & Bergman* and Mr. *Morton Bobowick,* for appellee in case No. 70-402.

Mr. *Robert H. Hoffman* and Mrs. *Katheleen K. Haase,* for appellee in case No. 70-543.

Messrs. *Wright, Harlor, Morris, Arnold & Glander* and Mr. *Earl F. Morris,* for appellant in case No. 70-543.

O'NEILL, C. J. The appeals in these two cases present the same legal question and, therefore, are being considered together. That question is: When does the statute of limitations begin to run in an action against an attorney for malpractice?

The statute of limitations for malpractice actions, R. C. 2305.11, reads in pertinent part:

"An action for * * * malpractice * * * shall be brought within one year after the cause thereof accrued * * *."

In cases involving physicians, the rule, as expressed in *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164, is as follows:

"Under R. C. 2305.11, a cause of action for medical malpractice accrues, at the latest, when the physician-patient relationship finally terminates. (*Gillette* v. *Tucker,* 67 Ohio St. 106; *Bowers* v. *Santee,* 99 Ohio St. 361; and *DeLong* v. *Campbell,* 157 Ohio St. 22, followed.)"

It must now be decided whether that rule is to apply to attorney-client relationships.

We are directed in the briefs to *Galloway* v. *Hood* (1941), 69 Ohio App. 278, and *McWilliams* v. *Hackett* (1923), 19 Ohio App. 416. *Galloway* held that the statute of limitations in attorney-client cases begins to run at the time the nonfeasance occurs, while in *McWilliams,* it was held that a cause of action against an attorney by a client for malpractice accrues at the time the contract of employment is terminated.

We are also directed in the briefs to the annotation in 18 A. L. R. 3d, wherein it is stated, at page 986: " * * * the rule that finds support among most of the cases is that

the statute of limitations begins to run, against an action for damages arising out of the negligent act or omission of an attorney, from the time of the occurrence of the neglect or omission complained of.''

In *Wyler,* after discussing the various rules in respect to the accrual of causes of actions for malpractice, this court adhered to the rule that in such cases the cause of action accrues "at the latest, when the physician-patient relationship finally terminates.'' As therein noted, at page 167: "The justification given for the termination rule is that it strengthens the physician-patient relationship. The patient may rely upon the doctor's ability until the relationship is terminated and the physician has the opportunity to give full treatment, including the immediate correction of any errors of judgment on his part. In short, it was thought that the termination rule is conducive to that mutual confidence which is essential to the physician-patient relationship.''

We are of the opinion that such justification applies with equal force to the attorney-client relationship.

It must be pointed out that, although *Wyler* dealt with a physician-patient relationship and the instant cases deal with attorney-client relationships, they all involve actions in *malpractice,* specifically as limited by R. C. 2305.11.

In discussing the application of R. C. 2305.11 in *Richardson* v. *Doe* (1964), 176 Ohio St. 370, 372, Judge Matthias said:

"At the time this statute was enacted, the common meaning and legal definition of the term, 'malpractice,' was limited to the professional misconduct of members of the medical profession and attorneys.''

When R. C. 2305.11 was enacted by the General Assembly, no distinction was therein drawn between attorneys and physicians. It can be fairly inferred, therefore, that it was intended that all malpractice cases should be considered alike, and that the one-year statute of limitations therein established should be applied in the same manner in all such cases.

In our opinion, there is no logical basis for treating doctors and attorneys differently in applying the provisions of R. C. 2305.11.

We therefore adopt the rule set forth in *Wyler* for attorneys, and hold that a cause of action for malpractice against an attorney accrues, at the latest, when the attorney-client relationship finally terminates.

In case No. 70-402, the judgment is reversed.

In case No. 70-543, the judgment is affirmed.

*Judgments accordingly.*

HERBERT, LYNCH and LEACH, JJ., concur.

SCHNEIDER, DUNCAN and CORRIGAN, JJ., concur in the judgments.

LYNCH, J., of the Seventh Appellate District, sitting for STERN, J.

CORRIGAN, J., concurring. I concur in the judgments in these cases without deviating from my position as expressed in the dissenting opinion in *Wyler* v. *Tripi* (1971), 25 Ohio St. 2d 164, 173, inasmuch as the discovery rule for malpractice in the attorney-client relationship is not urged by counsel, and is not present in the record in either case.

SCHNEIDER and DUNCAN, JJ., concur in the foregoing concurring opinion.