HIBBETT, APPELLANT, *v.* CITY OF CINCINNATI ET AL.; SCHWARTZ ET AL., APPELLEES.

(No. C-810577—Decided April 28, 1982.)

*Mr. Jim Rimedio* and *Mr. Rodger N. Walk,* for appellant.

*Messrs. Taft, Stettinius & Hollister, Mr. Robert G. Stachler* and *Mr. Thomas R. Schuck,* for appellees Allen Schwartz and Robert K. Sachs.

BLACK, J. Plaintiff-appellant, Sylvia Jean Hibbett (Hibbett), brought suit for negligence, breach of contract and fraud against Allen Schwartz and Robert K. Sachs (Schwartz and Sachs), the two attorneys who originally defended her against criminal charges of possession of drugs and carrying a concealed weapon. She also named as defendants the city of Cincinnati and Larry Handorf, the arresting officer, for violation of her civil rights under federal statutes.[1] Schwartz and Sachs were dismissed as defendants, with prejudice, when the trial court granted their motion for summary judgment. The court having determined that under Civ. R. 54(B) there was no just reason for delay, Hibbett appealed asserting in her single assignment of error that the granting of summary judgment for Schwartz and Sachs was prejudicial error.

The issue presented is whether considering Hibbett's complaint and the documentation submitted under Civ. R. 56(C), the trial court properly determined that Hibbett's suit was barred by R.C. 2305.11, the statute of limitations requiring claims for malpractice to be filed "within one year after the cause thereof accrued." We hold that the trial court did not err, because (1) the gist (essential ground or object) of Hibbett's cause of action was malpractice, (2) her complaint was filed four years and thirty days after the latest date upon which the cause of action could have accrued, and (3) no "savings" statute tolled the statutory period so that the lapse of time would be computed to be less than one year.

R.C. 2305.11 applies to legal malpractice as well as to medical malpractice. See *Richardson* v. *Doe* (1964), 176 Ohio St. 370, 372 [27 O.O.2d 345]. A cause of action for malpractice against an attorney accrues, at the latest, when the attorney-client relationship terminates. *Keaton Co.* v. *Kolby* (1971), 27 Ohio St. 2d 234 [56 O.O.2d 139]. In the instant case, the attorney-client relationship terminated, at the latest, on January 21, 1977, when the court of common pleas journalized an entry permitting Schwartz and Sachs to

---

[1]Appellant does not argue that any cause of action arising under federal statutes remains viable against Schwartz and Sachs. We cannot conceive of any, because the federal statutes require "state action," and criminal defense attorneys do not participate in any form of "state action" in the normal run of things. No participation by Schwartz and Sachs in "state action" is demonstrated by the record in the instant case.

withdraw as attorneys for Hibbett and substituting Harry H. McIlwain as counsel. The complaint was filed four years and thirty days later, on February 20, 1981.

Hibbett submits that she escapes the obvious consequences of the foregoing circumstances for any one or more of several reasons. Her principal argument is that the allegations of her complaint set forth the claims that are subject to other statutes of limitations. She stated a claim for negligence, which invokes the four-year bar under R.C. 2305.09(D), there being no physical injury to her person or property. She also stated a claim for breach of oral contract, which invokes the six-year bar under R.C. 2305.07. A claim for fraud invokes the four-year bar of R.C. 2305.09(C), with a time computation beginning only after the fraud is discovered. We are not persuaded. We believe that the gist of Hibbett's suit is malpractice, irrespective of the allegations of the complaint intending to classify her claims in some other way.

We must examine the factual basis of her claims against the attorneys in order to determine what is the gist of the lawsuit. As will develop from the following summary, the central circumstances are those involved in the negotiation of a plea bargain with the prosecution.

Hibbett was indicted for illegal possession of heroin (forty bags), a probationable felony of the third degree, and for carrying a concealed weapon, a nonprobationable felony of the third degree. The drugs had been found in her purse when it was seized without a warrant from the front seat of her car, after the car had been towed to the police station. Prior to that, a handgun had been observed by the police concealed inside the car when Hibbett entered the car to remove identification documents from her purse to show to the officer. As soon as he saw the concealed weapon, he arrested her.

Although it was recognized by Schwartz and Sachs that the search and seizure of the purse might well be considered unconstitutional under the then state of the law,[2] they recommended, and Hibbett accepted, a bargain whereby in exchange for a plea of guilty to a drug charge, the prosecution would reduce the drug charge to a fourth degree felony and dismiss the weapons charge. Hibbett would thus plead guilty to a fourth degree felony and be eligible for probation. The judge entered into a personal colloquy with Hibbett under Crim. R. 11(C), accepted the guilty plea, and referred her to the probation department for presentence investigation. At the sentencing hearing on July 29, 1976, after an extended discussion with counsel about the information in the presentence report (undisclosed) and her current circumstances, the court gave Hibbett a recess in order to consult with her attorneys about withdrawing the guilty plea. After she chose to allow the plea to remain, the court imposed a sentence of six months to five years.

An appeal was filed (case No. C-77068) and was later brought to a successful conclusion when her new counsel (of record on January 21, 1977, as noted) obtained a reversal of the conviction because the judge failed to comply strictly with the requirements of Crim R. 11(C) under the then state of the law.

On remand, Hibbett's motion to suppress the heroin was heard and overruled. After a bench trial, she was found guilty of a third degree drug felony and sentenced to eighteen months to ten years. (The weapons charge had been dismissed.) That judgment, however, was reversed on appeal by this court on

---

[2] We note that under a 1981 case, the search and seizure of the purse might well be constitutional. *New York* v. *Belton* (1981), 453 U.S. 454.

February 20, 1980, case No. C-780728, on the grounds that the search and seizure were too remote in time and place from the arrest to be valid under the principles then laid down by the United States Supreme Court. After the second remand of the case, the drug charge was dismissed on February 27, 1980. In brief, Hibbett claims that her attorneys wronged her by not pursuing the motion to suppress at the earliest instance.

We hold that the gist of Hibbett's claims against her attorneys is to recover damages caused by their alleged malpractice (professional misconduct). In Ohio the applicable statute of limitations is determined not from the form of pleading or procedure, but from the gist of the complaint. *Andrianos* v. *Community Traction Co.* (1951), 155 Ohio St. 47 [44 O.O. 72] (a claim for personal injuries caused by a common carrier must be brought within two years, even though the form of the action was in contract); *Cox* v. *Cartwright* (1953), 96 Ohio App. 245 [54 O.O. 281] (an action against a dentist for damages caused by improper fitting of false teeth is one for malpractice and is governed by the statute of limitations applicable to malpractice, not the statute of limitations applicable to contracts). Despite Hibbett's attempt to label her action a suit for negligence or a suit for breach of contract, the real ground of her claim is malpractice. The applicable statute of limitations is R.C. 2305.11, imposing a one-year deadline, the computation of which commenced with the withdrawal of Schwartz and Sachs from the criminal case.

Hibbett's attempt to claim fraud fails not only for the same reasons, but also because the "evidence" presented under the motion for summary judgment discloses that the defendant attorneys were not guilty of fraud. Fraud may be broadly defined as the concealment or misrepresentation of a fact or a set of facts material to the transaction between the parties, the falsity of which is known to the defendant (or if not actually known, should have been known), by which falsity the defendant intends to mislead the plaintiff and in reliance on which the plaintiff acts to his detriment. 24 Ohio Jurisprudence 2d 635, Fraud and Deceit, Section 20; *Tibbs* v. *National Homes Constr. Corp.* (1977), 52 Ohio App. 2d 281 [6 O.O.3d 300]; *Manning* v. *Len Immke Buick Inc.* (1971), 28 Ohio App. 2d 203 [57 O.O.2d 308]. The only misrepresentations or concealments advanced by Hibbett are two: a promise she would receive probation after her guilty plea; and counsel's advice about pleading guilty without testing the constitutionality of the search and seizure of her purse. Neither of these claimed wrongs can form the crucial element (misrepresentation) of a claim of fraud. As to the promise about probation, Hibbett told the judge during the hearing held under Crim R. 11(C) on her guilty plea, in answer to a specific question, that no promises had been made to her as an inducement. She cannot now evade that admission against interest. As to the advice to plead guilty without pursuing a motion to suppress, the record fails to disclose any misrepresentation by the lawyers.[3] They declared in open court with Hibbett present that they thought the search was unlawful but nonetheless recommended a plea bargain that would dismiss the nonprobationable weapon charge and give Hibbett a chance to receive probation on a reduced drug charge. When it became apparent at the sentencing hearing that the court was

---

[3] It is conceivable that a lawyer might act fraudulently in advising a client, but in the normal course of the practice, advice about what success a motion to suppress might enjoy before the courts, even if wrong, is not the type of misrepresentation on which a claim of fraud can be based. Fraud contemplates a misrepresentation of fact, not a misstatement of legal probabilities.

reacting adversely to Hibbett's interests, after it had reviewed the presentence report with its apparent negative information about Hibbett but before the court imposed sentence, Hibbett was given ample opportunity to withdraw her guilty plea. She decided not to do so. Based on the presentence report, a sentence of imprisonment was imposed. Hibbett may have been surprised and disappointed, but she was not defrauded.

She makes the further argument that her cause of action against the attorneys did not accrue until the effects of their malpractice became manifest; that is, not until this court of appeals found her motion to suppress to be well taken and reversed her second conviction. This argument is feckless. The Supreme Court has made legal malpractice equivalent to medical malpractice in every respect, including the rejection of the "discovery" theory of accrual. *Keaton Co.* v. *Kolby, supra.*

We find no merit in Hibbett's argument that because Section 5, Article IV, Ohio Constitution, gives the Supreme Court the authority to prescribe rules of practice and procedure, the statutes of limitations are supplanted. Assuming but not deciding that these constitutional provisions grant authority to the Supreme Court to set filing deadlines, the court has not done so. On the contrary, it has enforced the existing statutes, including R.C. 2305.11. *Keaton Co.* v. *Kolby, supra.*

Finally, we hold that R.C. 2305.16,[4] the saving statute covering disabilities, did not toll any of the time between the accrual of the cause of action and the filing of the complaint. Imprisonment tolls time only when the plaintiff is in prison at the time the cause of action accrues. After the cause of action accrues, time is tolled only when the person entitled to bring the action becomes of unsound mind and is so adjudicated. The record in the instant case shows that Hibbett was imprisoned from February 16, 1977 to February 3, 1978, after her cause accrued on January 21, 1977.

The single assignment of error is meritless. We affirm.

*Judgment affirmed.*

PALMER, P.J., and DOAN, J., concur.

---

[4] R.C. 2305.16 reads in full as follows:

"Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, *is, at the time the cause of action accrues,* within the age of minority, of unsound mind, or *imprisoned,* such person may bring it within the respective times limited by such sections, after such disability is removed. When the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all.

*"After the cause of such action accrues,* if the person entitled to bring such action becomes of unsound mind and is adjudicated as such by a court of competent jurisdiction or is confined in an institution or hospital under a diagnosed condition or disease which renders him of unsound mind, the time during which he is of unsound mind and so adjudicated or so confined shall not be computed as any part of the period within which the action must be brought." (Emphasis added.)