762 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KENNETH A. FRIEDMAN, PLAINTIFF-APPELLANT,
v.
OHIO STATE REFORMATORY, WARDEN, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-3700
 United States Court of Appeals, Sixth Circuit.
 3/15/85
 
 ORDER
 BEFORE: KENNEDY and CONTIE, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon consideration of the appellees' motion to dismiss the appeal. The appellant failed to respond to the motion but instead filed a motion for appointment of counsel and an informal brief. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After careful examination of the record, the informal brief, the motion to dismiss, and the motion for appointment of counsel, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 It appears from the record that appellant has not appealed from the judgment of the district court. Instead, he filed a motion for redress and appeal in the district court. This motion appears to have been a Rule 60(b), Federal Rules of Civil Procedure, motion to vacate judgment. Appellant timely appealed on August 6, 1984, from the July 5, 1984, order denying the Rule 60(b) motion.
 
 
 3
 The district court did not abuse its discretion in denying the motion for redress of the judgment (Rule 60(b) motion). Federal courts are required by 42 U.S.C. Sec. 1988 to apply the most analogous state statute of limitations and rules for tolling a statute of limitations in 42 U.S.C. Sec. 1988 actions. Board of Regents v. Tomanio, 446 U.S. 478 (1980). The appellant's incarceration at the time the cause of action arose tolled the statute of limitations but his release on parole on September 2, 1977, initiated the running of the statute of limitations. Hibbett v. Cincinnati, 4 Ohio App. 3d 128 (1982). The action in the district court was barred because the complaint filed on March 25, 1983, was not filed within the applicable Ohio two-year statute of limitations. Sections 2305.10 and 2305.16, Ohio Revised Code.
 
 
 4
 It is ORDERED that the motions to dismiss and for appointment of counsel be and hereby are denied.
 
 
 5
 It is further ORDERED that the July 5, 1984, order of the district court be and hereby is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.