785 F.2d 308
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
STARLIN THEODOR HARGROVE, Plaintiff-Appellant
v.
CAZARELLI, INDIVIDUALLY AND AS SHERIFF; WILLIE FRENCH,
INDIVIDUALLY AND AS SHERIFF'S CAPTAIN; SUMMIT
COUNTY COMMISSIONERS RONNIE BUTLER; TONY
ROWE; JOHN DOE, Defendants-Appellees.
 85-3506
 United States Court of Appeals, Sixth Circuit.
 1/30/86
 ORDER
 
 1
 BEFORE: KENNEDY and CONTIE, Circuit Judges, and GIBSON, District Judge.*
 
 
 2
 Plaintiff has appealed from the decision of the district court dismissing his civil rights complaint as barred by the statute of limitations. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the informal brief and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure. Appellant has filed a motion for appointment of counsel.
 
 
 3
 On October 30, 1984, plaintiff filed in the district court a civil rights action pursuant to 42 U.S.C. Sec. 1983. The complaint alleged that on October 11, 1978, plaintiff was assaulted while being held at the Summit County Jail. Plaintiff states that he was not given medical treatment until the day after the assault. He was released from jail on October 14, 1978, and has been incarcerated several times since that date.
 
 
 4
 In Section 1983 actions, the federal courts apply the most analogous state statute of limitations. Board of Regents v. Tomanio, 446 U.S. 478 (1980). Civil rights actions brought pursuant to Section 1983 should be characterized as personal injury actions for the purpose of determining the applicable statute of limitations. Wilson v. Garcia, ---- U.S. ----, 105 S.Ct. 1938 (1985). This Court recently held that O.R.C. Sec. 2305.11 is applicable to federal civil rights actions. Mulligan v. Hazard, ---- F.2d ----, Case No. 84-3555 (6th Cir. November 26, 1985). The statute of limitations was tolled by the disability of imprisonment since the action accrued when plaintiff was incarcerated. O.R.C. Sec. 2305.16. Plaintiff was released October 14, 1978, and the statute of limitations started to run. However, subsequent incarcerations which occurred after the action accrued did not toll the statute of limitations. Hibbert v. Cincinnati, 4 Ohio App.3d 128 (1982). Upon review of the record, it appears that the district court did not err in dismissing the plaintiff's complaint.
 
 
 5
 It is ORDERED that the motion for counsel be denied and the decision of the district court be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, U.S. District Judge for the Western District of Michigan, sitting by designation