803 F.2d 720
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ALAN R. HOWARD, Plaintiff-Appellant
v.
J. ROSS HAFFEY, JR., BERNARD, HAFFEY & BOSCO COMPANY,
L.P.A., Defendants-Appellees.
 No. 85-3881.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1986.
 
 BEFORE: KEITH and MARTIN, Circuit Judges; and WEBER,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant, Alan R. Howard, appeals from a summary judgment entered on September 18, 1985, in favor of defendants, J. Ross Haffey, Jr., et al., by the United States District Court for the Northern District of Ohio. Plaintiff's suit alleged legal malpractice in a divorce action; summary judgment was granted for defendant on the grounds that plaintiff's suit was barred by Ohio's one-year statute of limitations. The issue on appeal is whether summary judgment was correctly granted for defendant. For the reasons set forth below, we hold that summary judgment was correctly granted.
 
 
 2
 Plaintiff filed this action on May 5, 1982, seeking to recover $1,000,000 compensatory and $1,000,000 punitive damages from the defendants. Plaintiff alleges that defendant J. Ross Haffey, Jr. (Haffey), an attorney and a partner in the defendant law firm, Bernard, Haffey & Bosco Co., L.P.A., negligently represented him in obtaining a legal divorce from his former wife.
 
 
 3
 Both parties agree that if any malpractice occurred, it was in August of 1977 when defendant Haffey instructed plaintiff not to take any action in plaintiff's wife's divorce proceedings in New York, despite the fact plaintiff was served with a summons issued by the Supreme Court of New York, County of Nassau. On appeal, the issue is when the statute of limitations began to run.
 
 
 4
 Ohio Rev. Code Ann. Sec. 2305.11(A), which is applicable to this claim under the Erie doctrine, provides a one-year statute of limitations in actions for malpractice. The Ohio Supreme Court has held that the "discovery rule" governs the running of the statute of limitations in Ohio legal malpractice actions:
 
 
 5
 Under R.C. 2305.11(A), a cause of action for legal malpractice accrues and the statute of limitations begins to run when the client discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury. (Keaton Co. v. Kolby, 27 Ohio St. 2d 234, 271 N.E. 2d 772 [56 O.O. 2d 139] and all other inconsistent cases, overruled.)
 
 
 6
 Skidmore & Hall v. Rottman, 5 Ohio St. 3d, 210, 450 N.E. 2d, 684 (1983).
 
 
 7
 Plaintiff claims that pursuant to the above legal standard, that he neither knew, nor should have known of the claimed malpractice prior to May 8, 1981. On that date, plaintiff's New York attorney, Robert Moran, (whom plaintiff hired in 1980 after defendant advised plaintiff to retain New York counsel), informed plaintiff of a letter he received from defendant Haffey, in which Judge Sweeney of the Court of Common Pleas, Cuyahoga County, stated that the Ohio Court did not have personal jurisdiction over plaintiff's former wife. Therefore, plaintiff contends, his May 5, 1982, suit was not barred by the statute of limitations since he had until May 8, 1982, to file suit. We disagree, and find persuasive the district court's holding that by April 6, 1981, defendant should have known, through the exercise of reasonble care and diligence, that malpractice had occurred.
 
 
 8
 Specifically, on January 26, 1978, the Supreme Court of New York granted plaintiff's wife a divorce from plaintiff and awarded alimony and child support in excess of that provided by the Ohio divorce decree. Plaintiff was again advised by Haffey to ignore the New York decree. Plaintiff was served on or after January 17, 1980, with an order issued by the New York Court to show cause to an alleged arrearage in alimony and child support. Subsequently, on March 26, 1981, plaintiff filed a motion in the New York court to vacate the New York judgment. By entry dated April 6, 1981, a justice of the Supreme Court of New York stated that the motion could not be resolved until a determination was made involving the validity of the Ohio decree and its entitlement to full faith and credit.
 
 
 9
 The above facts were not in dispute, and they demonstrate that plaintiff should have discovered the alleged malpractice by April 6, 1981. There is no persuasive case law supporting plaintiff's contention that the "discovery rule" is a subjective issue, warranting a jury determination as to when plaintiff should have discovered, with reasonable care and diligence, the injury. Accordingly, we affirm the district court's legal determination that the statute of limitations barred plaintiff's claim.
 
 
 
 *
 Honorable Herman J. Weber, United States District Court for the Southern District of Ohio, sitting by designation