MEMORANDUM DECISION
The facts of this case are relatively straightforward. On November 12, 1997, plaintiff, Larry Criner, filed a complaint alleging breach of contract, unjust enrichment, and promissory estoppel against defendants, William Holley and Rick Stover. The complaint was the result of a dispute which arose after the sale of plaintiff's bar, first to defendant Holley, and later by defendant Holley to defendant Stover. Specifically, the original sales contract provided that plaintiff would be paid an additional $8,000 in the event that the lease for the bar was renewed beyond the date of sale.[1] In his complaint, plaintiff alleged that the lease had been extended, but that he had not been paid the additional sum in accordance with the provisions of the contract.
The record reflects that on November 12, 1997, the clerk of the Franklin County Municipal Court sent summons and a copy of the complaint to both defendants by certified mail. The record further reflects that service of plaintiff's complaint was perfected on defendant Stover on November 17, 1997, the return certificate of certified mail being filed on November 18, 1997. Although service of plaintiff's complaint was perfected on defendant Stover, service of the complaint was not perfected on defendant Holley.
On December 22, 1997, defendant Stover filed an answer to plaintiff's complaint, which also contained what Stover labeled as a cross-claim for indemnification against Holley. Although labeled a cross-claim, at the time the claim was filed, Holley was not yet a party to the action. However, the record reflects that on December 29, 1997, Stover instructed the clerk to mail summons and a copy of his claim to Holley by certified mail. Additionally, the record reflects that defendant Holley signed for service of the claim on January 7, 1998, the return certificate of certified mail service being filed on January 9, 1998.
Holly having failed to answer, move, or plead, on April 23, 1998, the trial court entered default judgment on Stover's claim for indemnification against Holley. That same day, Stover assigned the default judgment to the plaintiff in exchange for plaintiff's dismissal of his claim against Stover. However, plaintiff's subsequent efforts to satisfy the judgment prompted Holley to move the trial court to have the default judgment set aside. Thereafter, and over plaintiff's objections, the court set aside the judgment on the basis that Holley had not been served with a copy of plaintiff's complaint. Finding that it had no personal jurisdiction over Holley, the court found that the default judgment was void ab initio.
As noted, the trial court vacated the default judgment against Holley on the basis that Holley was not subject to the court's personal jurisdiction. According to the court's journal entry, this finding was based solely on the fact that plaintiff had not served Holley with summons and a copy of plaintiff's November 1997 complaint. For the following reasons, however, we find that Holley was a party to this action, and, consequently, that the trial court did have personal jurisdiction over the defendant.
While we agree with the trial court that a judgment rendered without personal jurisdiction is void, Patton v. Diemer
(1988), 35 Ohio St.3d 68, 70, in this case, Holley was made a party to this action when he was served with defendant Stover's January 7, 1998 claim for indemnification. Just as the applicable statute of limitations is not governed by the label applied to a claim, Hibbett v. Cincinnati (1982), 4 Ohio App.3d 128, under our system of notice pleading, a determination of the nature of a claim or claims requires an examination of the underlying factual basis for each claim asserted in a pleading. This examination is conducted without strict regard to the form of the action. See Civ.R. 8(E) which states: "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."
In this case, although defendant Stover labeled his claim against Holley a cross-claim, the substance of that claim was a claim for indemnification against an individual who at the time of the pleading was not a party to the action. Civ.R. 14 allows a defendant to use impleader to bring a third party into a lawsuit when that party is or may be liable to the defendant for all, or part, of the plaintiff's claim against him. Among others, the purpose of Civ.R. 14 is to avoid circuity of actions, to consolidate separate actions that should be tried together, to avoid a duplication of testimony and evidence, and to avoid inconsistent verdicts. Civ.R. 14(A) provides that:
 At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than fourteen days after he served his original answer. * * *
According to the plain language of the rule, a third-party complaint may be filed in a properly commenced action by a defending party against another party, who is or may be liable to the defending party for all or part of the plaintiff's claim. As noted above, this action was properly commenced when plaintiff obtained service upon defendant Stover on November 17, 1997. Civ.R. 3(A). Thereafter, defendant Stover filed an answer to plaintiff's complaint, and a contemporaneous claim for indemnification against defendant Holley. Again, although the claim was labeled as a cross-claim, the substance of the claim was for indemnification from a third party which directly arose from plaintiff's claim against defendant Stover.
Once it had been filed with the court, the court clerk issued summons and a copy of Stover's claim upon Holley by certified mail pursuant to Civ.R. 4. Finally, the record reflects that defendant Holley signed for service of defendant Stover's claim on January 7, 1998, the return certificate of certified mail service being filed on January 9, 1998.
In this case, the court's personal jurisdiction was invoked when defendant Holley was properly served with what in actuality was defendant Stover's third-party complaint for indemnification. As such, the court erred when it ruled that Holley was not a party to the action. We note, however, that Stover's judgment against Holley can be only in the nature of a claim for indemnification for that amount Stover is determined to owe to plaintiff. To the extent that the trial court attempted to enter judgment against Holley for a stated amount, the court has misinterpreted the nature of Stover's pleading against Holley and erred in so doing. This is so because Stover's claim for indemnification is dependent upon the plaintiff's ability to first establish his right to recover damages from Stover upon his claims for breach of contract, unjust enrichment, or promissory estoppel. In this case, however, there is no indication that plaintiff ever established liability against Stover.
Accordingly, plaintiff's assignment of error is sustained, the judgment of the Franklin County Municipal Court is reversed, and this cause is remanded to that court for a hearing to determine the amount of plaintiff's damages, if any.
Judgment reversed and cause remanded with instructions.
TYACK and BRYANT, JJ., concur.
[1] The original sales contract also provided that it would be binding and enforceable against all subsequent purchasers.