This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
George Mazzaro appeals from the judgment of the Akron Municipal Court, which adopted the decision of the magistrate that Mazzaro's complaint against attorney David A. Looney for legal malpractice is barred by the statute of limitations. This court affirms.
 I.
Attorney David A. Looney was representing George Mazzaro when Mazzaro filed for bankruptcy. In August 1999, it appeared that Looney may have to testify on Mazzaro's behalf in the bankruptcy court. Pursuant to the Code of Professional Responsibility, DR 5-102(A) and E.C. 5-10, a conflict exists which precludes an attorney acting as an advocate for his client and as a witness on behalf of the client. Looney withdrew from representation of Mazzaro in his bankruptcy case. On August 16, 1999, attorney Marc Gertz filed with the bankruptcy court a notice of appearance on Mazzaro's behalf.
On November 7, 2000, Mazzaro filed suit in Akron Municipal Court, Small Claims Division, alleging that Looney had engaged in professional malpractice "in the filing of documents which necessitated the hiring of another professional to complete and properly finalize process at additional cost of over $3,600.00." Mazzaro sought to recover damages to the extent allowed in small claims court, $3,000.00. The case proceeded to a hearing before a magistrate, who issued a decision that included findings of fact. The magistrate's decision, issued December 26, 2000, determined that Mazzaro's claim was barred by the one-year statute of limitations for attorney malpractice claims. Mazzaro filed objections to the magistrate's decision, but failed to file either a transcript of the magistrate's hearing or an affidavit that the transcript was unavailable and a statement of all the facts in evidence before the magistrate. On February 5, 2001, the court overruled Mazzaro's objections and entered judgment in favor of Looney, dismissing Mazzaro's claim with prejudice because it was filed beyond the statute of limitations.
Mazzaro filed a timely appeal, and he assigns one error.
 II.
ASSIGNMENT OF ERROR 1:
 TRIAL COURT ERRED IN DENYING APPELLANT/PLAINTIFF RIGHTS OF PROCEDURES AND [ENFORCEMENT] OF THE RULES OF THE COURTS OF OHIO AND HIS OPINION WAS POSSIBLY BIASED AND PREJUDICIAL[.]
It appears that Mazzaro's assignment of error has two components. The first error is that the trial court did not follow the pre-trial procedure provided for in Civ.R. 16. According to Mazzaro, the trial court asked the defendant if he wanted to proceed to trial, but "[t]he defendants [sic] response was NO. The Judge did not give me the same opportunity." The record before this court does not include a transcript of a hearing before the trial court judge. Therefore we are unable to address the issue. See App.R. 9(B); App.R. 12(A)(2); App.R. 16(A).
The essence of Mazzaro's second argument is that because Looney never served Mazzaro with notice of his withdrawal as counsel, the representation continued and the statutory time had not yet run. Mazzaro argues that according to the "Rules of the Courts of Ohio" an attorney must notify the client that he is seeking leave of the court to withdraw as counsel of record in the matter. Mazzaro points to numerous court rules, including the local rules for such diverse courts as the Federal Bankruptcy Court for the Northern District of Ohio, the Summit County Common Pleas Court, and this court.
In contrast, the magistrate determined that a journal entry in the bankruptcy court, dated August 16, 1999, noted that Mr. Gertz was now representing Mazzaro in the matter, and that all future filings and notices should be sent to Mr. Gertz. It is undisputed that Looney was no longer handling his bankruptcy case. Indeed, Mazzaro asserts as damages the amount he had to expend to pay for Gertz' services to complete the work originally started by Looney.
We first note that there was a hearing before the magistrate on December 1, 2000. However, Mazzaro never filed a transcript of the hearing when he filed his objections to the magistrate's decision. Consequently, the trial court was required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law. See Civ.R. 53(E)(3)(b); Hale v. Hale (Jan. 26, 2000), Medina App. No. 2935-M, unreported, at 9, citing State ex rel. Duncan v. Chippewa Twp.Trustees (1995), 73 Ohio St.3d 728, 730, and Melendez v. Mankis (Dec. 15, 1999), Lorain App. No. 98CA007091, unreported, at 5. Having failed to provide the trial court with the transcript of the magistrate's hearing, Mazzaro cannot now challenge the factual determinations made by the magistrate.
The magistrate determined that Mazzaro was aware that Looney was no longer representing him when Mazzaro received a copy of Gertz' notice of appearance filed in the bankruptcy court on August 16, 1999. The magistrate concluded that more than one year prior to the filing of Mazzaro's malpractice claim, Mazzaro knew of the alleged problem in Looney's representation of him.
The statute of limitations for a legal malpractice action begins to run "either when the client discovers or, in the exercise of reasonable diligence should have discovered, the resulting damage or injury, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Omni-Food Fashion,Inc. v. Smith (1988), 38 Ohio St.3d 385, paragraph one of the syllabus. The statute of limitations for legal malpractice is one year. Id. InOmni-Food, the Ohio Supreme Court modified its prior holdings about when a cause of action accrues in attorney malpractice claims. These claims are governed by R.C. 2305.11(A)(1), which governs malpractice by professionals other than certain medical professionals.
Prior to its decision in Omni-Food, the Ohio Supreme Court had determined that a legal malpractice claim accrued when the client did or could have discovered the malpractice (the discovery rule) and when the attorney-client relationship ended (the termination rule). SeeOmni-Food, 38 Ohio St.3d at 386-387, discussing Skidmore Hall v.Rottman (1983), 5 Ohio St.3d 210 and Keaton Co. v. Kolby (1971),27 Ohio St.2d 234, respectively. The Court's decision in Omni-Food
included syllabus law stating that the cause of action accrues upon the later of the termination of the relationship or the reasonable expectation of discovery of the malpractice and resulting injury.Omni-Food, 38 Ohio St.3d at paragraph one of the syllabus. The Court clearly pointed out in Omni-Food that the outcome of a case must be based on a factual analysis of the facts and circumstances of the case from a point of "fundamental fairness." Id. at 387.
In the instant case, the magistrate determined that (1) Mazzaro was aware that Looney had withdrawn as counsel more than one year before Mazzaro filed his malpractice claim, and (2) by August 16, 1999, Mazzaro had hired new counsel for his bankruptcy case. Indeed, the entire premise of Mazzaro's malpractice claim is that Looney's representation was inadequate such that Mazzaro had to secure new counsel, whose legal fees constituted the damages Mazzaro sought to recover in his malpractice claim. It is clear that more than one year prior to the malpractice suit, Looney was no longer representing Mazzaro in the bankruptcy matter upon which the malpractice claim was based. By the standard outlined inOmni-Food, Mazzaro's cause of action accrued more than one year prior to his claim, applying both the discovery rule and the termination rule.
The trial court was entitled to accept the magistrate's findings of fact. The court did not err in concluding as a matter of law that the statutory time had run prior to the date of Mazzaro's complaint, because the attorney-client relationship had ended and Mazzaro knew of the alleged malpractice more than one year before he filed the malpractice claim. The trial court did not err when it adopted the magistrate's decision and rendered judgment accordingly.
Mazzaro's assignment of error is not well-taken, and it is overruled.
 III.
Having overruled the assignment of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________ WILLIAM R. BAIRD
BATCHELDER, P.J., CARR, J. CONCUR