Randy Stanley appeals, pro se, from a judgment of the Greene County Court of Common Pleas, which granted summary judgment in favor of Steven Pierson and John H. Rion and Associates on Stanley's legal malpractice claim.
Stanley was represented by Pierson of John H. Rion and Associates (hereinafter collectively referred to as "Pierson") when Stanley was prosecuted for attempted murder and felonious assault in late 1998 and early 1999. Stanley was acquitted of attempted murder but was found guilty of felonious assault on February 10, 1999. He was sentenced on April 7, 1999. It is undisputed that Pierson communicated to Stanley at the April 7, 1999 sentencing hearing that Pierson would no longer represent Stanley.
Stanley filed a complaint against Pierson for "Negligence and Attorney Malpractice" on December 11, 2000. Pierson filed a motion for summary judgment on the basis that the claim had been filed beyond the applicable one year statute of limitations period.[1] Stanley argued that the statute of limitations had been tolled by his imprisonment. The trial court granted Pierson's motion for summary judgment on March 20, 2001.
Stanley raises five assignments of error on appeal. Some arguments are raised under more than one assignment of error. Where this occurs, we will address the argument under the assignment in which Stanley gives it the most emphasis.
 I. THE TRIAL COURT ERRONEOUSLY AWARDED THE DEFENDANTS SUMMARY JUDGMENT ON THE GROUNDS THAT THE ONE YEAR STATUTE OF LIMITATIONS FOR LEGAL MALPRACTICE HAD RUN.
Stanley claims that the trial court erred in dismissing his entire complaint based on the one year statute of limitations for legal malpractice when he had also "raised claims of general negligence," which had a four year statute of limitations.
The actual nature or subject matter of a case, rather than the form in which an action is pleaded, determines the applicable limitations period. Lawyers Coop. Publishing Co. v. Muething (1992), 65 Ohio St.3d 273,277. "The grounds for bringing the action are the determinative factors; the form is immaterial." Id. at 277-278.
Moreover, specific statutory provisions prevail over conflicting general provisions unless the legislature's intent that the general provision prevail is clear. R.C. 1.51, State v. Volpe (1988),38 Ohio St.3d 191, paragraph one of the syllabus; Lynch v. Dean Witter Reynolds, Inc. (1999), 134 Ohio App.3d 668, 671. Accordingly, if Stanley's claim can be characterized both as "general negligence" and as legal malpractice, the specific limitations period set forth for legal malpractice claims at R.C. 2305.11(A)(1) prevails over the general limitations period for negligence actions.
Stanley's entire relationship with Pierson was in the context of Pierson's legal representation, and Pierson owed no duty to Stanley outside of that relationship. Thus, any duty to Stanley that Pierson was alleged to have breached had to have been rooted in their attorney-client relationship. The limitations period for such an action is one year. R.C. 2305.11(A)(1). Because Stanley's complaint was filed more than eighteen months after Pierson's representation of Stanley had ended, the trial court did not err in granting summary judgment on Stanley's legal malpractice claim on the basis that it had been filed beyond the statute of limitations.
The first assignment of error is overruled.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED SUMMARY JUDGMENT BASED ON A FALSE AFFIDAVIT.
Stanley asserts, without elaboration, that "Pierson submitted a false affidavit to support his motion for summary judgment," and that Stanley had informed the trial court of this fact. We infer from Stanley's filings in the trial court that he disputed Pierson's recitation of the facts surrounding the plea negotiations in his criminal case. Insofar as these facts were irrelevant to the trial court's determination that Stanley had not filed his complaint within the applicable limitations period, this argument is without merit.
The second assignment of error is overruled.
 III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE STATUTE OF LIMITATIONS WAS NOT TOLLED.
Stanley argues that, even if the one-year limitations period for legal malpractice actions did apply, it had been tolled for two reasons: he had been incarcerated, and he had not discovered that his attorney had misinformed him of his rights until late 2000.
Stanley claims that the statute of limitations was tolled from the time of his incarceration, which was the day the attorney-client relationship ended, until he was released from prison.[2] However, R.C.2131.02(C), upon which Stanley relies for a definition of "legal disability," applies only to probate matters and does not toll the statute of limitations in legal malpractice actions. See Seguin v. Gallo (1985), 21 Ohio App.3d 163, 164. R.C. 2305.16 sets forth two disabilities that toll statutes of limitations: being within the age of minority and being of unsound mind. Neither of these disabilities applied to Stanley. Ohio law recognized incarceration as a disability at one time, but no longer treated it as a disability at the time that Stanley's cause of action accrued. Thus, this argument is without merit.
Stanley also argues that Pierson misinformed him of the circumstances under which he could bring a civil action against the prosecutor and the police involved in his criminal case. Pierson allegedly told Stanley that such an action could not be commenced until he was released from incarceration. Even if we assume, for the sake of argument, that Pierson made such a representation to Stanley and that the representation was inaccurate, these facts would not save Stanley from the operation of the statute of limitations set forth at R.C. 2305.11(A)(1).
In Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, syllabus, the supreme court held:
 [A]n action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of the need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.
The supreme court has expressly rejected the notion that a claim for legal malpractice accrues when the effects of the malpractice are discovered and that the statute of limitations runs from that point in time. Hibbett v. Cincinnati (1982), 4 Ohio App.3d 128, 132, citing Keaton Co. v. Kolby (1971), 27 Ohio St.2d 234.
If the alleged miscommunication took place in the course of Pierson's representation of Stanley on the criminal matter in 1998 and 1999, as Stanley apparently claims, the statute of limitations began to run when the attorney-client relationship terminated in April 1999, it expired in April 2000, and Stanley's complaint filed in December 2000 was untimely. In our view, however, it is questionable whether an attorney-client relationship had ever been formed between Pierson and Stanley as to the civil matter. In either case, summary judgment in favor of Pierson was appropriate.
The third assignment of error is overruled.
 IV. OHIO REVISED CODE § 2305.16 IS UNCONSTITUTIONAL AND VIOLATES THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION AMENDMENT 14.
Stanley claims that R.C. 2305.16 is unconstitutional insofar as it excludes imprisonment from the list of disabilities that toll the statute of limitations. Stanley has cited no authority in support of this position, and he did not raise this argument in the trial court. We decline to consider this argument for the first time on appeal.
The fourth assignment of error is overruled.
 V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO GIVE THE PRO-SE PLAINTIFF AN OPPORTUNITY TO AMEND HIS COMPLAINT WHEN IT WAS OBVIOUS THAT AN AMENDMENT WAS NECESSARY.
Stanley contends that he should have been allowed to amend his complaint. He concedes, however, that the trial court had granted summary judgment before the amended complaint and related motions had been filed. He claims that the trial court dismissed the case prematurely because he "still had time to respond to the defendant[']s contra motion."
By the time the trial court granted summary judgment in favor of Pierson, Stanley had filed a response to Pierson's motion for summary judgment, and Pierson had filed a reply memorandum in support of his motion. Although Stanley may not have taken all the time to which he was entitled before filing his response to the motion for summary judgment, the motion was ripe for decision once his response was filed. In other words, the trial court was not required to wait until the period during which a response could have been filed had passed to rule on the motion if, in fact, the response had already been filed. The trial court did not err in failing to anticipate an amended complaint or in failing to wait for one.
The fifth assignment of error is overruled.
The judgment of the trial court will be affirmed.
WOLFF, PJ. and BROGAN, J., concur.
[1] Pierson also argued that summary judgment was appropriate because Stanley had failed to support his claim with expert testimony.
[2] Stanley had not yet been released when he filed his brief with this court.