OPINION
{¶ 1} Plaintiff-appellant, Teresa L. Fallang, appeals from a summary judgment rendered against her on her claims against her former husband, defendant-appellee, William
A. Becker, and the attorney involved in the 1992 dissolution of their marriage, Timothy Evans. *Page 2 
 {¶ 2} Fallang contends that the trial court erred: (1) when it concluded that her fraud claims are barred by collateral estoppel as a result of a decision of the domestic relations court in 1998 denying her motion for relief from the judgment of dissolution; and (2) when it concluded that her fraud claims are barred by the statute of limitations. We conclude that the trial court properly concluded, as a matter of law, that her fraud claims are barred by the statute of limitations because it has been previously adjudicated, in the 1998 decision denying her motion for relief from judgment, that Fallang knew, or, with reasonable diligence, should have known, the correct value of Becker's pension plan — the misrepresentation of which forms the basis for the fraud claim — in 1992, at the time of dissolution. Thus, collateral estoppel establishes that the four-year statute of limitations on her fraud claim began to run in 1992, so that her claim was barred by 2001, when she brought this action.
 {¶ 3} As far as Fallang's claim against Evans, the attorney involved in the 1992 dissolution, Fallang's claim must either sound in fraud, if Evans was only representing Becker, or it must sound in legal malpractice, if, as Fallang claims, Evans was also representing Fallang in the dissolution matter. If the complaint against Evans sounds in fraud, then Evans was acting in privity with Becker, so that the prior adjudication as to when Fallang knew, or, with reasonable diligence, should have known of the correct value of Becker's pension plan, works a collateral estoppel on that factual issue, thereby time-barring the fraud claim against Evans. If, on the other hand, the complaint against Evans sounds in legal malpractice, in which event the one-year statute of limitations applies, then Fallang clearly knew by 1998, the time of her motion for relief from judgment, which was predicated on the misrepresentation of the value of Becker's pension plan, of the facts forming the basis for her claim, so that her action against Evans was time-barred by 2001, when her complaint was filed.
 {¶ 4} Because we agree with the trial court that Fallang's claims against Becker and *Page 3 
Evans are barred by the applicable statutes of limitations, we find it unnecessary to address her contention that the trial court erred by holding that her claims are barred, on their merits, on collateral estoppel grounds.[1] Accordingly, the judgment of the trial court is affirmed.
 I {¶ 5} Fallang and Becker obtained a dissolution of their marriage in 1992. In their briefs, Fallang, Becker and Evans all appear to agree that Evans represented both spouses in the dissolution. This case is a good example of the reasons for the rule laid down in Ohio State Bar Association Formal Opinion No. 30, in May, 1975, which concludes as follows:
 {¶ 6} "Accordingly, we are of the opinion that a lawyer may not represent both spouses in a dissolution of their marriage, as provided in Section 3105.61-65, inclusive, Revised Code. However, we recognize that the purpose and nature of the dissolution of marriage proceedings is to avoid some of the usual adversary relationships in an action for divorce and that both parties may not choose to be represented by individual lawyers. Therefore, a lawyer may represent one party to the dissolution and prepare the Separation Agreement required by Section 3105.63, Revised Code, provided: (1) the second party is made fully aware that the lawyer does not represent him or her; (2) that the second party is given full opportunity to evaluate his or her need for representation free of any potential conflict and to obtain his or her own counsel; and (3) each spouse consents, in writing contained in or attached to the Separation Agreement, to the lawyer so proceeding. The lawyer shall not appear as counsel of record for both parties in the proceeding."
 {¶ 7} Fallang has averred, and Evans has not denied, that she was advised that he was representing her interests, as well as Becker's, in the dissolution proceeding. In that *Page 4 
proceeding, each spouse was to retain his or her bank accounts, life insurance policies, and pensions, free of claims by the other. Becker, a public employee, had a pension that Fallang has averred was represented to her, both by Becker and by Evans, as having been worth $30,000 at the time of the dissolution. Fallang avers that the pension was, in reality, worth $120,000 at that time. The separation agreement, although listing Becker's pension, did not provide a value for it.
 {¶ 8} In 1998, Fallang moved to vacate the dissolution decree, upon the ground of fraud upon the court in connection with the misrepresentation of the value of Becker's pension. After an evidentiary hearing, this motion was denied, both upon the ground that what occurred did not constitute a fraud upon the court (which would place the matter within the ambit of Civ. R. 60(B)(5), thereby saving it from the strict one-year limitation applied to the Civ. R. 60(B)(1), (2) and (3) grounds for relief), and upon the ground that Fallang had waited an unreasonable time to seek relief (even a motion for relief under Civ. R. 60[B][5] must be brought within a reasonable time). The trial court based its decision upon the ground of untimeliness upon its conclusion that: "the five year delay in bringing this motion is not a reasonable time." This conclusion was based, in turn, upon the trial court's finding that Fallang "had a duty to `use due diligence and not rely solely on the representations of the adverse party . . . one cannot rely on his own failure to determine the value of the marital assets and debts as a meritorious claim or defense for purposes of Rule 60(B).' Lenzer v. Lenzer (1993), No. 93CA005541, Lorain Co. (unreported), LEXIS 5349." (Omission in original.) The trial court found that Fallang had failed to use due diligence in not discovering the true value of Becker's pension, the existence of which was known to Fallang.
 {¶ 9} Fallang appealed from the denial of her motion for relief from the dissolution decree. This court affirmed, holding that: "In the exercise of ordinary care, she could have learned more about [Becker's pension's] true value. Evidence was presented tending to *Page 5 
show that she was aware of the amount deducted for the pension from Mr. Becker's paycheck each period. She was presumably aware of how long he had been employed by the city. Mrs. Becker [kna Fallang] agreed to forego a claim to the pension." Becker v. Becker (Feb. 22, 1999), Butler App. Nos. CA98-02-031 and CA98-02-036.
 {¶ 10} In 2001, Fallang brought this action against Becker and Evans, seeking money damages. Becker and Evans filed motions to dismiss for failure to state a claim upon which relief can be granted. The trial court overruled these motions to the extent that they challenged the jurisdiction of the Butler County Common Pleas Court, General Division, and converted the remaining scope of the motions into motions for summary judgment. Briefings on the converted summary judgment motions were complete in May 2004. The trial court rendered summary judgment in favor of both defendants, Becker and Evans, in November, 2007.
 {¶ 11} From the summary judgment rendered against her, Fallang appeals.
 II {¶ 12} Fallang's Second Assignment of Error is as follows:
 {¶ 13} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS ON THE GROUNDS OF STATUTE OF LIMITATIONS."
 {¶ 14} Fallang recognizes that the applicable statute of limitations for fraud, R.C. 2305.09, is four years. Although the fraud Fallang alleges occurred in 1992, and this cause of action was filed in 2001, Fallang contends that she neither discovered, nor should have discovered, the facts giving rise to her claim until 1997, and that there is at least a jury question as to when she should have discovered the facts concerning Becker's pension.
 {¶ 15} The issue of when Fallang should have discovered that Becker's pension was worth substantially more than she claims it was represented to her as being worth, was *Page 6 
material to her motion, in the original dissolution action, for relief from that judgment. In that proceeding, the trial court found that Fallang should, with reasonable diligence, have discovered the fraud in 1992, and that judgment was affirmed by this court on appeal.
 {¶ 16} "A point of law or a fact [that] was actually and directly in issue in the former action, and was there passed upon and determined by a court of competent jurisdiction, may not be drawn in question in a subsequent action between the same parties or their privies. The prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action." Scholler v. Scholler ( 1984), 10 Ohio St.3d 98, 105, citingTrautwein v. Sorgennfrei (1979), 58 Ohio St.2nd 493.
 {¶ 17} In our view, collateral estoppel, as defined in the quote above, has direct application to the fraud claims in this case. We might be of the view that a spouse in a dissolution proceeding is not required to look behind the professed value of the other spouse's pension, especially where the attorney who is purporting to represent the interests of both parties has told her that it is a fair, correct value, but that issue has been decided, adversely to Fallang, in her 1998 relief-from-judgment proceeding. It is not clear whether Fallang asserted, in the 1998 relief-from-judgment proceeding, that the value of Becker's pension was not merely omitted from the separation agreement, but was affirmatively misrepresented to her as being $30,000 by Becker and by Evans. But Fallang clearly could have made that assertion, since she has asserted, in the 2001 cause of action presently before us, that Becker and Evans, in 1992, made that misrepresentation to her.
 {¶ 18} Fallang touches upon an argument that she may not be deprived of her constitutional right to submit the issues material to her fraud claims to a jury, although she provides no citation of authority for that proposition. It is true that Fallang had no right to, and did not get, a jury trial on the issues made up by her 1998 relief-from-judgment proceeding, that having arisen in the dissolution case, where there is no right to a jury trial. But Fallang *Page 7 
voluntarily submitted the issue of fraud to that court. She could instead have brought the fraud cause of action — the one she later brought in 2001 — at that time. She chose to submit the fraud issues to the domestic relations court in 1998, which had the consequence that those issues, and the factual issues material to them, were decided without the presence of a jury.
 {¶ 19} An issue arises concerning the application of collateral estoppel arising from the 1998 relief-from-judgment decision to Fallang's claim against Evans, the attorney. In her reply brief, Fallang attempts to distinguish some contrary authority holding that a claim against an attorney is governed by the one-year statute of limitations for legal malpractice by characterizing Evans's conduct as follows:
 {¶ 20} "Similarly, in Hibbert v. Cincinnati (1982), 4 Ohio App.3d 128, the facts asserted in defense to the attorney's Motion for Summary Judgment were that the attorney was guilty of negligence and breach ofcontract; the Plaintiff therein apparently set forth no Rule 56 evidence in support of her fraud claim. By contrast, the facts before the Trial Court herein support the claim that Evans and Becker colluded and conspired with each other to hide the value of Becker's pension from Fallang and that Fallang relied on the misinformation they provided to her detriment. Fallang does not contend that Evans (or Becker) were negligent or that they breached any contract — she alleges that they maliciously and nefariously created a scheme to cheat her. There is no conceivable way that Evans can credibly argue that participating in a conspiracy to, in effect, steal from a client is mere malpractice; no court has ever so held, and the Summary Judgment below which effectively so held is plain error."
 {¶ 21} Thus, Fallang is caught in a logical dilemma. If, as she claims in the above-quoted passage, Evans was in collusion with Becker in an attempt to defraud her, then Evans was certainly in privity with Becker, and the collateral estoppel on the issue of when the statute of limitations began to run arising from the 1998 relief-from-judgment decision *Page 8 
operates in Evans' favor, so that the fraud claim against him is barred by the statute of limitations. On the other hand, if Fallang's claim against Evans sounds in legal malpractice, based upon the concept that Evans was representing her interests as her attorney in the 1992 dissolution proceedings, then Evans would not have been in privity with Becker, and the collateral estoppel arising from the 1998 relief-from-judgment decision would not work in Evans' favor. But in that event, the one-year statute of limitations for legal malpractice would clearly apply, since the claim would be that Evans did not properly protect Fallang's interests as her attorney, not that he participated with Becker in a fraud, and it is clear that Fallang became aware of the fact that Becker's pension was worth substantially more than $30,000 by the time of the relief-from-judgment decision in 1998. Therefore, Fallang's 2001 action against Evans for legal malpractice would be barred by the statute of limitations, independently of any collateral estoppel arising from the 1998 relief-from-judgment decision.
 {¶ 22} We conclude that Fallang's claims against both Becker and Evans are barred by the applicable statute of limitations. Accordingly, Fallang's second assignment of error is overruled.
 III {¶ 23} Fallang's First Assignment of Error is as follows:
 {¶ 24} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS * * * ON THE GROUNDS OF RES JUDICATA/ISSUE PRECLUSION."
 {¶ 25} In view of our disposition of Fallang's second assignment of error, we find it unnecessary to address her first assignment of error. It is overruled as moot.
 IV {¶ 26} Fallang's second assignment of error having been overruled, and her first assignment of error having been overruled as moot, the judgment of the trial court is *Page 9 
affirmed.
WOLFF and BROGAN, JJ., concur.
(Hon. James A. Brogan, Hon. William H. Wolff, Jr., and Hon. Mike Fain, judges of the Second District Court of Appeals, sitting by assignment of the Chief Justice of Ohio, pursuant to Section 5(A)(3), Article IV, of the Ohio Constitution.)
[1] We distinguish between the statute of limitations defenses, where we do rely upon collateral estoppel to conclude that Fallang's claims based upon fraud, at least, are barred by the statute of limitations, and the merits of Fallang's claims against Becker and Evans, which we find unnecessary to reach. *Page 1