SKIDMORE & HALL, APPELLEE, *v.* ROTTMAN ET AL., APPELLANTS.

[Cite as Skidmore & Hall *v.* Rottman (1983), 5 Ohio St. 3d 210.]

(No. 82-1515—Decided June 29, 1983.)

*Messrs. Serazin & Deery* and *Mr. Scott F. Serazin,* for appellee.

*Vasko, Howard & Morris Co., L.P.A.,* and *Mr. Daryl L. Hollnagel,* for appellants.

*Messrs. Weston, Hurd, Fallon, Paisley & Howley, Mr. Ronald A. Rispo* and *Ms. Connie M. Wymer,* urging affirmance for *amicus curiae,* Assn. of Civil Trial Attys.

LOCHER, J. R.C. 2305.11(A) provides, in part: "(A) An action for * * * malpractice * * * shall be brought within one year after the cause thereof accrued * * *." In *Keaton Co.* v. *Kolby* (1971), 27 Ohio St. 2d 234 [56 O.O.2d 139], this court applied the same language to an action in *legal* malpractice and held: "A cause of action for malpractice against an attorney accrues, at the latest, when the attorney-client relationship finally terminates."

Appellee, therefore, essentially argues that the *Keaton Co.* holding requires that we affirm the judgment of the court of appeals. We expressly overrule *Keaton Co.,* however, and reverse the appellate court.

In *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, we held: "Under R.C. 2305.11(A), a cause of action for medical malpractice accrues and the statute of limitations commences to run when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury. (*Gillette* v. *Tucker,* 67 Ohio St. 106; *Bowers* v. *Santee,* 99 Ohio St. 361; *Amstutz* v. *King,* 103 Ohio St. 674; *DeLong* v. *Campbell,* 157 Ohio St. 22 [47 O.O. 27]; *Lundberg* v. *Bay View Hospital,* 175 Ohio St. 133 [23 O.O.2d 416]; *Wyler* v. *Tripi,* 25 Ohio St. 2d 164 [54 O.O.2d 283], and all other inconsistent cases, overruled.)" See, also, *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, applying the "discovery rule" to actions for which R.C. 2305.10 is the statute of limitations. In *Oliver,* we examined and articulated the policy considerations for adopting the "discovery rule" in medical malpractice actions and need not repeat them here. The same statutory provision, R.C. 2305.11(A), controls *legal* as well as medical malpractice actions, and the policy considerations underlying the "discovery rule" are no less compelling in *legal* malpractice actions.

Accordingly, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.