This timely appeal comes for consideration upon the record in the trial court, and appellant's brief to this court. Appellant, Donald Harman (hereinafter "Harman"), appeals pro se the decision of the Mahoning County Common Pleas Court dismissing his complaint against his former attorney, Appellee James R. Wise (hereinafter "Wise"), alleging Wise had not properly completed legal work and had improperly taken funds belonging to Harman. Although Harman has presented multiple issues for our consideration, the central issue in this appeal is whether Harman's complaint is barred by the statute of limitations. For the following reasons the decision of the trial court is affirmed.
On January 6, 1998, Harman filed his complaint in the trial court alleging Wise: 1) did not properly perform legal work for Harman; 2) absconded with money belonging to Harman, and; 3) had engaged in a variety of nefarious schemes against the interests of justice and Harman. The dates these events are alleged to have occurred are sometime in 1994 through October 22, 1995.
On August 18, 1998, Harman filed the first of two Summary Judgment Motions. The second was filed on March 29, 1999. Both were dismissed on September 22, 1999, at which time the trial court instructed the clerk of courts not to accept any further pleadings from Harman without prior court approval. Wise then filed a Motion to Dismiss/for Summary Judgment on November 30, 1999. The Motion to Dismiss was granted on February 22, 2000.On March 8, 2000, Harman filed his Notice of Appeal with this court. Also on March 8, 1998, Harman filed a Motion to Transmit Record and Docket Statement with the clerk of courts. In his motion, Harman sought to have the transcripts of multiple hearings and the record of the trial court from Case No. 98 CV 00023, the case from which this appeal arises, and a plea transcript of Case No. "95-CR-666, Oct 2, 1995" sent to this court.
While the record of the trial court has been received by this court, Harman did not comply with App.R. 9(B), which requires the appellant to order a transcript from the court reporter and file it with the clerk of courts. Therefore, no transcripts from the proceedings of the trial court are included in the record to this court. Further, there is nothing in the record to indicate the transcript of "95-Cr-666" sought by Harman was ever made part the trial court's record in 98 CV 00023.
Decisions are based on the record on appeal, not on facts alleged in the appellate brief. State v. Ishmail (1978), 54 Ohio St.2d 402, 8 O.O.3d.405, 377 N.E.2d 500. A presumption of validity attends the trial court's action. Thus, in absence of an adequate record which is the appellant's responsibility to provide, a reviewing court is unable to evaluate the merits of the assignments of error and must affirm the trial court. Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313,549 N.E.2d 1237, citing App.R. 9, applied. The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. State v. Skaggs (1978),53 Ohio St.2d 162, 7 O.O.3d 243, 372 N.E.2d 1355.
Harman's appeal is also flawed procedurally as he has only partially complied with App.R. 16(A)(3) requiring reference to each place in the record where each error is reflected, and has generally ignored App.R. 16(A)(7) requiring citations to authorities, statutes, and parts of the record on which appellant relies.
Lastly, Wise has not filed a brief with this court. Pursuant to App.R. 18(C), we may accept Harman's statement of facts and issues as correct and reverse the judgment if Harman's brief reasonably appears to sustain such action.
Harman raises five assignments of error. Assignments of error one, three, and five will be examined together because all are based upon the same issue of law.
 "The trial court erred as a matter of law when the records establish discovery of malpractice action's was in 1997 and complaint was filed January 6, 1997 within one year statute of limitations."
 "The trial court erred as a matter of law as appellee's action's constituted a fraud upon appellant."
 "That the court's judgment was against the evidence and contrary to law."
The determination of when a cause of action accrues is a question of law to be reviewed de novo by this court. DiSabato v. Tyack AsociatesCo.(September 14, 1999), Franklin App. No. 98AP-1282, unreported, citingGreene v. Barrett (1995), 102 Ohio App.3d 525, 530, 657 N.E.2d 553.
The trial court determined Harman's complaint was grounded in legal malpractice under R.C. 2305.11(A), which is governed by a one year statute of limitations. The trial court relied upon Skidmore Hall v.Tottman (1983), 5 Ohio St.3d 210, 5 OBR 453, 450 N.E.2d 684, in ruling the action accrues and the statute of limitations runs when a client discovers or in the exercise of reasonable care and diligence should have discovered, the resulting injury. The trial court also cited Richardsonv. Doe (1964), 176 Ohio St. 370, 27 O.O.2d 345, 199 N.E.2d 878 and Krahnv. Kinney (1989), 43 Ohio St.3d 103, 538 N.E.2d 1058, as case law for the decision, but does not specifically state the reasoning for those citations.
Richardson is presumably cited for the proposition R.C. 2305.11(A) applies to claims of legal malpractice. Krahn is likely used for the proposition that to establish a cause of action for legal malpractice, one must show: 1) an attorney — client relationship giving rise to a duty; 2) a breach of that duty, and; 3) damages proximately caused by the breach. These requirements were already the standard before Krahn for malpractice arising from a civil case, and applied by the Krahn court to set the standard for legal malpractice in a criminal case. Id.
Though the trial court specifically granted Wise's motion to dismiss on the basis that the statute of limitations for legal malpractice had expired prior to the filing of the complaint, the trial court concluded the one year time limit begins when the "* * * client discovers or in the exercise of reasonable care and diligence should have discovered, the resulting injury." Skidmore, supra. However, the proper standard in Ohio for determining when the statute of limitations for legal malpractice begins to run is
 "* * * when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever comes later." Zimmie v. Calfee, Halter, and Griswold
(1989), 43 Ohio St.3d 54, 538 N.E.2d 398 citing to Omni Food Fashion Inc. v. Smith (1988), 38 Ohio St.3d 385, 528 N.E.2d 941.
The use of the proper standard under Zimmie results in the practical effect of giving the claimant more time to file a complaint within the statute of limitations for legal malpractice.
The focus of the inquiry should be on the point of discovery, that is, awareness, that the client discovered or should have discovered that he has been injured by the attorney's act or omission. McDade v. Spencer
(1991), 75 Ohio App.3d 639, 600 N.E.2d 371. The focus should be on what the client was aware of and not an extrinsic judicial determination. Id. Conduct which dissolves the essential mutual confidence between attorney and client signals the termination of the attorney-client relationship, an explicit statement terminating the relationship is not necessary.Brown v. Johnstone (1982), 5 App.3d 165, 166-167, 5 OBR 347,450 N.E.2d 693.
Harman contends his complaint is not entirely a claim based in legal malpractice, but in fraud, contract, and tort as well, protected by longer statutes of limitations, six years pursuant to 2309.07 for a claim for a contract not in writing, and four years pursuant to R.C. 2309.09
for a claim based upon fraud.
However, the applicable statute of limitations is determined not from the form of the pleading or procedure, but from the gist of the complaint. Hibbett v. City of Cincinnati, (1982), 4 Ohio App.3d 128,446 N.E.2d 549 citing Andrianos v. Community Traction Co. (1951),155 Ohio St. 47, 97 N.E.2d 549. The trial court's February 22, 2000 judgment entry states Harman was asked if the claim he filed is legal malpractice and the entry states he answered yes. Harman claims in his brief that he really stated that some of the actions were malpractice and some were "a tort claim and fraud concerning the theft of funds." Nonetheless, the claims Harman seeks to make are rooted in Wise's actions in legal representation, and are therefore governed under the legal malpractice statute of limitations of one year. As the Hibbett court explained, the "* * * gist of [the] lawsuit is malpractice, irrespective of the allegations of the complaint intending to classify [the] claims in some other way." Id. at 130. Therefore, while they may have elements of fraud, tort, contract, therein, the root origin remains the alleged legal malpractice.
Harman further alleges that even if his claims are governed by the one year malpractice statute of limitations, he asserts his lawsuit is still timely, because the statute was tolled while he was in prison. However, there is nothing on the record to indicate that Harman raised the issue of tolling the statute of limitations because he was in prison at the trial level, therefore failing to preserve the issue for appeal.
Harman cites to Hardin v. Straub (1989), 490 U.S. 536, 109 S.Ct. 1988,104 L.Ed.2d 582 and Bianchi v. Bellington Police Dept. (1990),909 F.2d 1316 for the proposition he is entitled to have the statute of limitations for malpractice tolled because he was in prison. However, these two federal cases have no relation to Harman's situation. BothHardin and Bianchi specifically apply to tolling the statute of limitations in federal civil rights claims under § 1983 of the United States Code, and neither involves Ohio law. Id. In any event, Harman would not be entitled to the tolling provision in his claim. Formerly, under R.C. 2305.16, Ohio had a tolling period for situations when an action was brought under R.C. 2305.04 to 2305.14 and the person bringing the suit was in prison. However, as of July 13, 1991, R.C. 2105.16 has been amended to delete imprisonment as one of the disabilities that tolls the running of the period of limitation for causes of action accruing after July 13, 1991.
There is nothing in the record for this court to determine whether Harman filed his complaint within the one-year statute of limitations other than Harman's unsubstantiated claim he realized December 1, 1997 that he had been wronged. The events he lists as his causes of action occurred in 1994, August 15, 1995, October 2, 1995, October 8, 1995, and October 22, 1995. Harman filed his complaint January 6, 1998. This clearly exceeds the one year statute of limitations. For the reasons above, Harman's first, third, and fifth assignments of error are meritless.
Harman's second assignment of error, taken out of order, alleges:
 "The trial court erred as matter of law to dismiss when the appellee failed to properly argue time barred defense."
Harman alleges Wise failed to properly assert the defense that Harman's complaint was barred by the statute of limitations. Therefore, Harman argues the trial court should have ruled Wise waived the defense. However, not only did Harman fail to raise this issue at the trial court level, he is incorrect in claiming the defense was not raised in Wise's Answer. Wise specifically pled:
 A. Plaintiff's Complaint fails to state a claim from which relief can be granted;
 B. Plaintiff's Complaint is barred by the Statute of Limitations;
 C. Plaintiff's Compliant is barred by Statute of Laches.
Because Harman's allegations are inaccurate as he distorts the reality of the record, this assignment of error is meritless.
Harman's fifth and final assignment of error alleges:
 "The trial court erred as a matter of law when it ordered that Appellant Harman could not file any reply to the Motion to Dismiss."
As he did in his second assignment of error, Harman has attempted to mislead this court as to what occurred at the trial level. He claims he was prevented by the trial court from filing a response to Wise's November 30, 1999 Motion to Dismiss/Motion for Summary Judgment. In the September 22, 1999 Judgment Entry, the trial court found Harman had filed numerous repetitive motions, and concluded he alone caused delay in the case. Consequently, the trial court declared the clerk of courts was to refuse for filing any further pleadings in this case from Harman, without court approval. Harman claims he attempted to file a response on December 10, 1999 but was prohibited from doing so. However, there is nothing in the record to suggest Harman attempted to file a response with the clerk of courts, nor attempted to seek permission from the court to do so.
Furthermore, Harman alleges the clerk of courts refused to accept his Notice of Appeal for the case at bar, yet the same is part of the record and time-stamped March 8, 2000. Because he has asserted totally unsupportable and inaccurate claims, Harman's fifth assignment of error is meritless.
For the foregoing reason's, all five of Harman's assignments of error are meritless and the decision of the trial court is affirmed.
Vukovich, P.J., Concurs.
Donofrio, J., Concurs.