[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
 {¶ 2} Eva L. Hoffmann appeals from the trial court's order granting summary judgment in favor of her former spouse, Karol A. Hoffmann, M.D., and her former divorce attorney, Don C. Bolsinger, on her claims for fraud and legal malpractice. For the following reasons, we affirm.
 {¶ 3} Ms. Hoffmann's divorce from Dr. Hoffmann was finalized in 1986. In 1988, Ms. Hoffmann became suspicious of her former husband's possible concealment of marital assets during their divorce proceedings. Ms. Hoffmann ordered copies of bank statements from their joint account and found that checks for several thousand dollars had been written. Ms. Hoffmann discussed her suspicions with her divorce attorney, Bolsinger, who told her that unless she knew where the funds had gone, she would be unable to recover them. Bolsinger took no further action on the matter. Bolsinger's representation of Ms. Hoffmann ended in 1991.
 {¶ 4} In 1997, Ms. Hoffmann discovered in her home of a box of books containing bank statements, checks, and cashier's checks, which she believed were proof of her suspicions that her former husband had hidden funds. In 1998, Ms. Hoffmann filed a legal malpractice action against Bolsinger stemming from his failure to identify the couple's marital funds. She voluntarily dismissed the action in 1999.
 {¶ 5} In 2000, Ms. Hoffmann refiled the action against Bolsinger.[1] She later amended her complaint to add a fraud claim against Dr. Hoffmann, alleging that he had concealed marital assets during their divorce proceedings. Following its determination that each of Ms. Hoffmann's claims was barred by the applicable statute of limitations, the trial court granted summary judgment in favor of Dr. Hoffmann and Bolsinger.
 {¶ 6} At oral argument in this case, we notified the parties that a transcript of one of Ms. Hoffmann's depositions contained in the record was in a sealed envelope. A second deposition transcript was not filed in this case. Counsel for Ms. Hoffmann argues that, for those reasons, we should reverse the summary judgment granted in favor of the defendants.
 {¶ 7} A party moving for summary judgment pursuant to Civ.R. 56(C) "bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims."[2] In this case, we hold that the trial court's failure to unseal one of the deposition transcripts or to review a second deposition transcript was not reversible error because the defendants provided to the trial court portions of the deposition transcripts material to the court's summary-judgment determination.
 {¶ 8} Pursuant to Civ.R.56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[3]
The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[4]
 {¶ 9} In her first assignment of error, Ms. Hoffmann argues that the trial court erred by granting summary judgment in favor of Bolsinger on the ground that her legal malpractice claim was barred by the statute of limitations. Ms. Hoffmann argues that her cause of action for legal malpractice against Bolsinger did not accrue until 1997, when she discovered the checks and bank statements. The trial court ruled that the discovery in 1997 of the cancelled checks did not provide Ms. Hoffmann with any information that was not already available to her when she reviewed the bank statements in 1988.
 {¶ 10} In Ohio, a cause of action for legal malpractice accrues, and the statute of limitations begins to run, when the client discovers or in the exercise of reasonable care and diligence should have discovered the resulting injury.[5] This occurs when there is a cognizable event where the client discovers or should have discovered that her injury was related to her attorney's action or inaction, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.[6] Under either standard, in this case Ms. Hoffmann's cause of action was filed well out of time. The cognizable event occurred in 1988 when Ms. Hoffmann became suspicious of her husband after her review of their bank statements, or in 1991 when the attorney-client relationship ended. Therefore, the trial court properly entered summary judgment in favor of Bolsinger. We overrule Ms. Hoffmann's first assignment of error.
 {¶ 11} The trial court entered summary judgment in favor of Dr. Hoffmann on the ground that Ms. Hoffmann's fraud claim was barred by the applicable four-year statute of limitations. In her second assignment of error, Ms. Hoffmann argues that the trial court erred in its ruling because a genuine issue of material fact remained regarding the accrual date of her fraud claim.
 {¶ 12} "A cause of action for fraud accrues when the fraud is, or should have been discovered. * * * Absent actual awareness, the standard to determine when a person should be aware of the fraud is when he or she possesses `facts sufficient to alert a reasonable person to the possibility of wrongdoing.' * * * It is noteworthy that this standard does not require the victim of the alleged fraud to possess concrete and detailed knowledge, down to the exact penny of damages, of the alleged fraud; rather, the standard is normative and requires only facts sufficient to alert a reasonable person of the possibility of fraud."[7]
 {¶ 13} Applying this standard, the trial court ruled that the statute of limitations for Ms. Hoffmann's fraud claim began to run in 1998, when she had first become suspicious that Dr. Hoffmann may have concealed marital assets, and when Ms. Hoffmann took active steps to confirm those suspicions by obtaining bank statements from their account. Because Ms. Hoffmann's 1997 discovery of checks did not convey "any additional information which would permit one to conclude reasonably that [she] was given information qualitatively different from that which [she] had before,"[8] we hold that the trial court did not err by determining that Ms. Hoffmann's fraud claim was barred by the four-year statute of limitations. Therefore, we overrule Ms. Hoffmann's second assignment of error.
 {¶ 14} Dr. Hoffmann has filed a cross-appeal in this case. In a single assignment of error, Dr. Hoffmann argues that the trial court erred by failing to grant his earlier motion to dismiss for lack of subject-matter jurisdiction. We disagree. The general division of the common pleas court is properly assigned all general claims for relief of a civil nature, including "marital torts" such as the fraud claim in this case.[9] We overrule Dr. Hoffmann's assignment of error.
 {¶ 15} Therefore, the judgment of the trial court is affirmed.
 {¶ 16} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] The aim of Ms. Hoffman's additional claims for breach of contract and breach of duty is to recover damages caused by the alleged legal malpractice. See Hibbett v. Cincinnati (1982), 4 Ohio App.3d 128, 131,446 N.E.2d 842.
[2] See Macewen v. Jordan, 2003-Ohio-1547 at ¶ 8, Hamilton App. No. C-020431, citing Drescher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107, 662 N.E.2d 264.
[3] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[4] See Dresher, supra, at 293, 1996-Ohio-107, 662 N.E.2d 264.
[5] Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54,57, 538 N.E.2d 398, citing Skidmore Hall v. Rottman (1983),5 Ohio St.3d 210, 450 N.E.2d 684, syllabus; R.C. 2305.11(A).
[6] Id. at 58, 538 N.E.2d 398.
[7] Palm Beach Co. v. Dun Bradstreet (1995), 106 Ohio App.3d 167,171, 665 N.E.2d 718.
[8] See Palm Beach, supra, at 172, 665 N.E.2d 718.
[9] See, e.g., Mays v. Mays (June 14, 1993), 2nd Dist. No. 13544; Bauerv. Huntington Natl. Bank (Feb. 10, 2000), 10th Dist. No. 99AP-347.