JOURNAL ENTRY and OPINION
{¶ 1} Appellant, David Leski ("Leski"), appeals the decision of the trial court, which dismissed Leski's complaint for failure to state a claim upon which relief can be granted. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Leski's complaint alleged that on May 12, 1992, he retained the legal services of appellee, John Ricotta ("Ricotta"), to represent him in a claim against the Ohio Casualty Insurance Company. The agreement, attached to Leski's complaint, provided that Leski would receive 60% of the gross proceeds of any amount recovered and Ricotta would receive the remainder. Leski alleged in his complaint that on April 11, 1994 he received notice from Ricotta that his claim against the Ohio Casualty Insurance Company had been settled in the amount of $10,000. At the time Leski received such notice, he was incarcerated at Orient Correctional Facility.
 {¶ 3} Although Leski alleged that he had not agreed to the settlement with the Ohio Casualty Insurance Company, over the next three years, he pursued Ricotta, either by phone or in writing, for his 60% share of the $10,000 settlement. From the allegations of Leski's complaint, the last time that Leski asked Ricotta for the $6,000 was by letter on December 10, 1997.
 {¶ 4} Leski filed his complaint against Ricotta on May 2, 2003 for breach of contract and misrepresentation and promissory estoppel. Leski alleged that Ricotta breached the contract when he failed to release the $6,000 to Leski after the claim against the Ohio Casualty Insurance Company settled.[1] Leski further alleged that he relied, to his detriment, upon Ricotta's representation and promise that he would transfer 60% of the proceeds of any amount recovered from the Ohio Casualty Insurance Company to Leski.
 {¶ 5} On August 6, 2003, Ricotta filed a motion to dismiss, asserting that Leski's complaint fails to state a claim upon which relief can be granted because the statute of limitations on Leski's claims, characterized by Ricotta as legal malpractice, had run. In the alternative, Ricotta requested that the trial court convert his motion to dismiss into a motion for summary judgment, consider the federal case filed by Leski and dismissed by federal court, and grant summary judgment to Ricotta based on the doctrine of res judicata. On September 10, 2003, the trial court granted Ricotta's motion to dismiss, stating as follows in its journal entry:
 {¶ 6} "Defendant's motion to dismiss plaintiff's complaint, filed 08/06/03, is granted. Court cost assessed as each their own."
 {¶ 7} On September 17, 2003, Leski requested findings of fact and conclusions of law from the trial court, but prior to the trial court's issuance of its findings of fact and conclusions of law, Leski filed his notice of appeal to this court. The record before this court does not contain the trial court's findings of fact and conclusions of law.
 {¶ 8} For his first assignment of error, Leski contends that the trial court erred in finding that his complaint failed to state a claim upon which relief can be granted. Specifically, Leski asserts that his claims for breach of contract, misrepresentation, and promissory estoppel were plainly alleged in his complaint. While Leski may have "plainly alleged" breach of contract, misrepresentation, and promissory estoppel against Ricotta, the gravamen of Leski's complaint is one of legal malpractice and, thus, barred by the one year statute of limitations.
 {¶ 9} This court's review of a motion to dismiss based on Civ.R. 12(B)(6) granted by the trial court is de novo. Salupo v.Fox, Inc., Cuyahoga App. 82761, 2004-Ohio-149, ¶ 9, citing Vailv. Plain Dealer Publishing Co., 72 Ohio St.3d 279, 280,1995-Ohio-187, 649 N.E.2d 182. A Civ.R. 12(B)(6) motion will "lie to raise the bar of the statute of limitations when the complaint shows on its face the bar of the statute." Mills v. Whitehouse
(1974), 40 Ohio St.2d 55, 58, 320 N.E.2d 668. However, "[a] Civ.R.12(B)(6) motion to dismiss based upon a statute of limitations should be granted only where the complaint conclusively shows on its face that the action is so barred."Helman v. EPL Prolong, Inc., 139 Ohio App.3d 231, 241,2000-Ohio-2593, 743 N.E.2d 484, quoting Velotta v. Petronzio,Inc. (1982), 69 Ohio St.2d 376, 379, 433 N.E.2d 147. "The purpose behind the allowance of a Civ.R. 12(B) motion to dismiss based upon the statute of limitations is to avoid the unnecessary delay involved in raising the bar of the statute in a responsive pleading when it is clear on the face of the complaint that the cause of action is barred. The allowance of a Civ.R. 12(B) motion serves merely as a method for expeditiously raising the statute of limitations defense." Mills, 40 Ohio St.2d at 60.
 {¶ 10} It is well-established that "[a]n action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages." Muir v. Hadler RealEstate Management Co. (1982), 4 Ohio App.3d 89, 90,446 N.E.2d 820. "In Ohio, the applicable statute of limitations is determined not from the form of pleading or procedure, but from the gist of the complaint." Hibbett v. Cincinnati (1982),4 Ohio App.3d 128, 131, 446 N.E.2d 832. "Malpractice by any other name still constitutes malpractice." Muir, 4 Ohio App.3d at 90.
 {¶ 11} Here, although Leski alleges "breach of contract," "misrepresentation," and "promissory estoppel" claims against Ricotta, the gist of Leski's complaint is that Ricotta acted or omitted to act in his representation of Leski. Indeed, Leski complains that Ricotta, in his representation of Leski, was not authorized to settle his claim against the Ohio Casualty Insurance Company, but did so without his authorization. Likewise, Leski complains that Ricotta omitted to transfer his share of the amount recovered in the settlement with the Ohio Casualty Insurance Company. Despite couching his claims as "breach of contract," "misrepresentation," and "promissory estoppel," Leski's claim is that Ricotta committed legal malpractice by settling his claim without his authorization and failing to transfer his share of the settled amount.
 {¶ 12} R.C. 2305.11 provides that the statute of limitations for legal malpractice claims is one year from the date" when the client discovers or, in the exercise of reasonable diligence should have discovered, the resulting damage or injury, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Skidmore Hall v. Rottman (1983), 5 Ohio St.3d 210, 211, 450 N.E.2d 684. Here, Leski alleges in his complaint that once he was notified that his claim against the Ohio Casualty Insurance Company had settled in April 1994, he attempted to have Ricotta transfer his share of the settled amount. In fact, Leski pursued his share, either by phone or in writing, for three years after he was informed of the settlement. His last pursuit of his share of the settled amount was in December 1997, which letter, as alleged in his complaint, went without response from Ricotta. However, despite not getting his share of the settled amount, Leski waited until May 2, 2003 to file his complaint against Ricotta. Even if this court were to assume that the "cognizable event" was after he sent his last letter to Ricotta in December 1997, Leski should have filed his legal malpractice complaint against Ricotta in December 1998 — not five and one-half years later in May 2003. Because Leski's complaint was filed well beyond the one year statute of limitations, the trial court did not err in granting Ricotta's Civ.R. 12(B)(6) motion to dismiss.
 {¶ 13} For his second assignment of error, Leski contends that the trial court erred by considering matters outside the complaint without properly converting the motion to dismiss into a motion for summary judgment and giving all parties proper notice of the conversion. Leski's contention, however, is without merit as there is nothing in the record before us that suggests that the trial court considered matters outside the complaint when it granted Ricotta's motion to dismiss.
 {¶ 14} Although Leski asserts that the trial court granted Ricotta's motion to dismiss based on the disposition of the federal case, there is nothing in the record before us that suggests that the federal case was given any consideration in the trial court's decision to grant Ricotta's motion to dismiss. Our de novo review of Leski's complaint alone shows that such dismissal was proper because his legal malpractice claim was filed outside the one year statute of limitations. There is nothing before this court to suggest that the trial court considered the federal case — clearly outside the allegations in the complaint — when it dismissed Leski's complaint. Without more, Leski's second assignment of error is overruled.
 {¶ 15} For his third and final assignment of error, Leski contends that the trial court erred when it granted Ricotta's motion to dismiss based on res judicata. Leski asserts, as he did in his second assignment of error, that the trial court dismissed his complaint based on the disposition of the federal case, which was attached to Ricotta's motion to dismiss. Leski further asserts that the doctrine of res judicata cannot be the basis for a motion to dismiss.
 {¶ 16} Although Leski is accurate that the doctrine of res judicata cannot be the basis for a motion to dismiss for failure to state a claim upon which relief can be granted, there is nothing before this court that suggests that the trial court granted Ricotta's motion to dismiss based on res judicata. See, e.g., State ex rel. Freeman v. Morris (1991),62 Ohio St.3d 107, 109, 579 N.E.2d 702. Again, our de novo review reveals that the trial court's dismissal of Leski's complaint alone was proper because the one year statute of limitations had run. Thus, Leski's third assignment of error is overruled and the decision of the trial court dismissing Leski's complaint for failure to state a claim upon which relief can be granted is affirmed.
 {¶ 17} Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Calabrese, Jr., J., Concur.
[1] There was, however, a judicial admission in open court made by Leski that he did in fact receive the $6,000 plus interest.