JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Martha Thornton ("Thornton"), appeals the trial court's decision which granted summary judgment to appellees, Hardiman, Buchanan, Howland Trivers (referred to as the "law firm"), James Hardiman ("Hardiman"), A. Deane Buchanan ("Buchanan"), Oscar Trivers ("Trivers"), Emanual Dickerson ("Dickerson"), Edwin Kelly ("Kelly"), A. David Jordan ("Jordan"), and Yvonne Harris ("Harris") (collectively referred to as "appellees"), on the basis that Thornton's legal malpractice claims are barred by the one-year statute of limitations. For the following reasons, we affirm the trial court.
 I. RELEVANT FACTS AND CASE PROCEDURE {¶ 2} In December 2001, Thornton, pro se, filed a complaint against the law firm, named at that time as "Hardiman Hardiman," alleging that senior partner, Steven Howland ("Howland"), agreed and took a fee to represent her in an employment discrimination claim against her former employer, MBNA, but never filed the action. According to the complaint, Thornton learned that Howland died in December 2000 and also learned that, prior to his death, he was suspended from the practice of law. The complaint alleged that the law firm misrepresented its services to Thornton and converted her fee. When the case was later called for trial in August 2002, Thornton's counsel failed to appear, but sent another attorney in his stead who recommended to the trial court that Thornton voluntarily dismiss her complaint. Thereafter, the trial court, pursuant to Civ.R. 41(A), dismissed Thornton's claims against the law firm without prejudice.
 {¶ 3} On August 26, 2002, Thornton filed another complaint against the law firm (now named as Hardiman, Buchanan, Howland Trivers) Hardiman, Buchanan, Trivers, Dickerson, Kelly, Jordan, and Harris alleging five causes of action: (1) aiding and abetting of deceptive practices; (2) aiding and abetting of conversion; (3) aiding and abetting of breach of contract; (4) aiding and abetting of legal malpractice; and (5) negligence. Thornton later moved the trial court for leave to amend her pleading to plead fraud with particularity, but the trial court denied Thornton's motion. Thereafter, the trial court granted summary judgment to appellees, finding that the gist of Thornton's claims alleged legal malpractice and thus, were barred by the one-year statute of limitations. Thornton now appeals, citing three assignments of error.
 II. ASSIGNMENTS OF ERROR A. ASSIGNMENT OF ERROR NUMBER ONE {¶ 4} For her first assignment of error, Thornton asserts that the trial court erred in ordering a voluntary dismissal without prejudice, pursuant to Civ.R. 41(A), of her first complaint. In support of her assertion, Thornton argues that the trial court had a duty to inform her that such a dismissal may result in a further claim being time-barred by the statute of limitations. However, Thornton's argument is not sound.
 {¶ 5} First, Thornton asserts that the trial court had a duty to inform her of any rights she had or would lose if she voluntarily dismissed her complaint. However, on the date of trial, Thornton was represented by counsel who recommended that she voluntarily dismiss her action. Thornton is not asserting that she did not agree with her counsel's recommendation or that she did not want to voluntarily dismiss her complaint. Because Thornton was represented by counsel, this court presumes that her counsel informed her of the benefits and burdens of dismissing her complaint and, in any event, the trial court was not duty-bound to inform Thornton of any rights she had or should lose if she voluntarily dismissed her complaint. Thus, Thornton's first assignment of error is overruled.
 B. ASSIGNMENT OF ERROR NUMBER TWO {¶ 6} For her second assignment of error, Thornton asserts that the trial court erred when it denied her motion for leave to amend her complaint to assert fraud with particularity. However, upon review of the record, Thornton's argument lacks merit.
 {¶ 7} Here, Thornton's motion for leave to amend her complaint to add fraud and conversion counts was nothing more than an attempt to circumvent the one-year statute of limitations for her legal malpractice claim. It is more than uncanny that Thornton attempted to amend her complaint with causes of action that have four year statutes of limitations once she (and her attorney) recognized that her legal malpractice claim was barred by the one-year statute of limitations. Because there is nothing in the record to suggest that "justice so require[d]" Thornton leave to amend her complaint, Thornton's second assignment of error is overruled.
 C. ASSIGNMENT OF ERROR NUMBER THREE {¶ 8} Finally, Thornton asserts in her third assignment of error that the trial court erred in granting summary judgment to appellees. In particular, Thornton argues that her complaint is not simply one of legal malpractice subject to the one-year statute of limitations. However, Thornton's argument lacks merit, as the gravamen of her complaint is clearly legal malpractice.
 {¶ 9} R.C. 2305.11 provides that the statute of limitations for legal malpractice claims is one year from the date "when the client discovers or, in the exercise of reasonable diligence should have discovered, the resulting damage or injury, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Leski v. Ricotta, Cuyahoga App. No. 83600, 2004-Ohio-2860, ¶ 12, quoting Skidmore Hall v. Rottman (1983), 5 Ohio St.3d 210, 211,450 N.E.2d 684. Under R.C. 2305.11, an action for legal malpractice accrues and the statute of limitations begins to run "when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Zimmiev. Calfee, Halter and Griswold, et al. (1989), 43 Ohio St.3d 54,538 N.E.2d 398, syllabus.
 {¶ 10} Here, the cognizable event occurred on February 27, 2001 when Thornton learned that Howland was dead and never filed her employment discrimination action on her behalf. Because Thornton filed her legal malpractice action on August 26, 2002 — almost six months after the statute of limitations had run on February 27, 2002 — her claims were barred. Thus, Thornton's third assignment of error is overruled and the decision of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., concurs.
 Diane Karpinski, J., dissents with separate opinion.
 DISSENTING OPINION