OPINION
{¶ 1} Appellants, Robert C. Sutton, R. PH., Donald Robert Sutton, R. PH., and Kinsman Pharmacy, appeal from the judgment of the Trumbull County Court of Common Pleas, which granted summary judgment in favor of appellee, Emmor F. Snyder, Esq., on appellants' legal malpractice and breach of fiduciary duty claims. We affirm.
 {¶ 2} Appellants hired appellee in October 1999 to defend them in an action before the Ohio State Board of Pharmacy. Appellee represented appellants at a hearing before the pharmacy board on May 2 and 3, 2000. Appellants, after consulting with appellee, did not attend the hearing.
 {¶ 3} On June 14, 2000, the pharmacy board entered an order revoking the pharmaceutical licenses of Robert Sutton and Kinsman Pharmacy, and indefinitely suspending Donald Sutton's pharmaceutical license.
 {¶ 4} On June 16, 2000, appellants, represented by appellee, filed an administrative appeal of the pharmacy board's order in the Trumbull County Court of Common Pleas. The common pleas court stayed the pharmacy board's order and the order remained stayed throughout the appeals process.
 {¶ 5} On August 10, 2000, appellee filed a motion to withdraw as counsel for appellants. On August 15, 2000, Attorney E. Carroll Thornton entered an appearance on behalf of appellants.
 {¶ 6} The common pleas court affirmed the pharmacy board's decision on March 6, 2001. Appellants appealed the common pleas court's decision to this court. We affirmed the common pleas court's decision on April 30, 2002. On September 11, 2002, the Ohio Supreme Court declined jurisdiction to hear the case. The Ohio Supreme Court denied appellant's motion for reconsideration on October 23, 2002. On October 28, 2002, agents of the pharmacy board confiscated appellants' pharmaceutical licenses.
 {¶ 7} On October 4, 2002, appellants filed the instant action seeking damages for appellee's alleged malpractice and breach of fiduciary duty. Appellee moved for summary judgment, arguing appellants' claims were barred by the one-year statute of limitations set forth in R.C. 2305.11(A). The trial court agreed and granted summary judgment in favor of appellee. Appellants filed a timely appeal raising two assignments of error:
 {¶ 8} "[1.] The trial court erred to the prejudice of plaintiffs-appellants by granting summary judgment in favor of defendant-appellee based on the statute of limitations.
 {¶ 9} "[2.] The trial court erred to the prejudice of plaintiffs-appellants by granting summary judgment in favor of defendant-appellee on appellants' claim for breach of fiduciary duty."
 {¶ 10} We review a grant of summary judgment de novo, Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, i.e., independently and without deference to the trial court's determination. Lexford PropertiesMgmt., L.L.C. v. Lexford Properties Mgmt., Inc. (2001),147 Ohio App.3d 312, 315.
 {¶ 11} Summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party. Harless v. Willis DayWarehousing, Co., Inc. (1978), 54 Ohio St.2d 64, 66.
 {¶ 12} "[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 13} If the moving party has satisfied this initial burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing there is a genuine issue for trial. Id.
 {¶ 14} Legal malpractice actions are subject to a one-year statute of limitation. R.C. 2305.11(A). In Skidmore Hall v. Rottman (1983),5 Ohio St.3d 210, the Ohio Supreme Court applied the discovery rule to legal malpractice claims. The Court held, "Under R.C. 2305.11(A), a cause of action for legal malpractice accrues and the statute of limitations commences to run when the client discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury." Id. at syllabus. In Zimmie v. Calfee, Halter and Griswold
(1989), 43 Ohio St.3d 54, the Ohio Supreme Court held:
 {¶ 15} "Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Id. at syllabus.
 {¶ 16} The question in the instant case is: What was the "cognizable event" that should have put appellants on notice of the need to pursue a legal malpractice claim against appellee? Appellants contend that because they continued to practice pharmaceutical medicine throughout the appeals process, they suffered no injury, and thus, there was no cognizable event, until the pharmacy board actually confiscated their licenses on October 28, 2002. We disagree.
 {¶ 17} The record shows appellants filed a grievance against appellee with the Disciplinary Counsel of the Ohio Supreme Court on April 13, 2001. In their letter accompanying the grievance, appellants stated:
 {¶ 18} "After receiving information from the American Civil Liberties Union about this mess [appellee] got us into, we feel that we have had some of our civil rights violated. We are currently under advisement about filing a law suit [sic] against [appellee.] Had we chosen a different lawyer, this whole nightmare would probably be over and settled. We spent over $20,000 to date, and it is far from over."
 {¶ 19} In his affidavit in support of appellants' brief opposing appellee's motion for summary judgment, Donald Sutton avers he "retained Carroll Thornton to represent [appellants] with respect to the administrative appeals."
 {¶ 20} In Zimmie, the Court refused to adopt a rule allowing a client to exhaust all appellate remedies before the statute of limitations began to run. Zimmie, supra, at 58-59. The Court also held that the expenditure of attorney fees litigating the results accruing from the alleged malpractice could constitute the injury, i.e., cognizable event. Id. at 58.
 {¶ 21} Here, appellee presented evidence the cognizable event occurred, at the latest, on April 13, 2001, when appellants filed a grievance against appellee. Appellants failed to set forth any evidence rebutting this.
 {¶ 22} In fact, appellants' brief belies their contention that the cognizable event occurred when the pharmacy board confiscated appellants' licenses. Throughout their brief, with one exception, appellants state the pharmacy board confiscated their licenses on October 28, 2001. In fact, the record establishes the pharmacy board confiscated appellants' licenses on October 28, 2002. Appellants filed the instant action on October 4, 2002. If the cognizable event did not occur until the pharmacy board confiscated appellants' licenses on October 28, 2002, why did they file suit twenty-four days earlier, on October 4, 2002?
 {¶ 23} Viewing the evidence in the light most favorable to appellants, the latest they should have discovered (and in fact by their own admission did discover) their claim was April 13, 2001. They had one year from that date to commence their action; they failed to do so and the trial court properly granted appellee's motion for summary judgment.
 {¶ 24} Appellants' first assignment of error is without merit.
 {¶ 25} In their second assignment of error, appellants contend the trial court erred in dismissing their claim for breach of fiduciary. Appellants argue this claim was distinct from their malpractice claim as it alleged intentional wrongdoing, and thus, should have been subject to the four-year statute of limitation set forth in R.C. 2305.09(D). We disagree.
 {¶ 26} At the hearing before the pharmacy board, appellee stated, "I hate to say it on the record in case this ever comes to a . . . the Suttons would decide to appeal it or something. But I feel Robert Sutton should probably not be practicing pharmacy, partly due to his health." Appellants contend appellee breached his fiduciary duty when he made this statement and this gives rise to a separate claim.
 {¶ 27} "An action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C. 2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages." Muir v. Hadler Real Estate Mgmt. Co. (1982),4 Ohio App.3d 89, 89-90. See, also, Endicott v. Johrendt (June 22, 2000), 10th Dist. No. 99AP-935, 2000 Ohio App. LEXIS 2697, at 11.
 {¶ 28} Appellants' breach of fiduciary duty claim arises from the manner in which appellee represented them before the pharmacy board; thus, the one-year statute of limitations set forth in R.C. 2305.11
applies.
 {¶ 29} Viewing the evidence in the light most favorable to appellants, the trial court properly granted appellee's motion for summary judgment on appellants' claim for breach of fiduciary duty. Appellants' second assignment of error is without merit.
 {¶ 30} For the foregoing reasons, appellants' assignments of error are without merit, and the judgment of the Trumbull County Common Pleas Court is affirmed.
O'Neill, J. and O'Toole, J., concur.