JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Pro se plaintiff Maurice L. Mackey, Sr. (appellant) appeals the trial court's dismissal with prejudice of his legal malpractice claim against defendants, attorneys John P. Luskin and Irl D. Rubin (Luskin and Rubin), for failure to state a claim upon which relief can be granted based on an expired statute of limitations. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} This case revolves around appellant's allegations of legal malpractice against Luskin and Rubin, who defended him in a 1998 homicide case. On September 18, 1998, a jury found appellant guilty of murder and attempted murder, and on September 21, 1998, the court sentenced him to 15 years to life in prison. See State v. Mackey, Cuyahoga County Common Pleas No. 362936. The subsequent procedural and appellate history of this criminal case, along with appellant's related federal petition for habeas corpus relief, will be discussed in detail, as these events are the foundation for the appeal at hand.
 {¶ 3} On September 25, 1998, appellant appealed the merits of his convictions in this court. Luskin and Rubin did not represent appellant by this time, which was one week after his conviction. The appeal listed eight assignments of error, five of which alleged Luskin and Rubin's ineffective assistance of counsel throughout appellant's murder trial. *Page 4 
 {¶ 4} On December 9, 1999, we affirmed appellant's murder convictions. See State v. Mackey (Dec. 9, 1999), Cuyahoga App. No. 75300. After exhausting state court review of his claims, appellant petitioned for a writ of habeas corpus in the United States District Court for the Northern District of Ohio. The district court denied appellant's writ, and appellant appealed to the United States Court of Appeals for the Sixth Circuit. On August 9, 2005, the Sixth Circuit Court mandated the federal district court to "issue a conditional writ of habeas corpus, giving the State of Ohio 180 days within which to retry Mackey or release him from state custody." Mackey v. Russell (2005), 148 Fed.Appx. 355, 370. The Sixth Circuit based its reversal upon finding that "the cumulative damage * * * [and] impact of counsel's ineffectiveness was sufficient to cast doubt on the jury's decision as to Mackey's credibility, and thus to the trial's eventual outcome." Id. at 369-70.
 {¶ 5} Upon remand to the Cuyahoga County Common Pleas Court, on March 27, 2006, appellant entered into an agreement with the State of Ohio, pleading guilty to involuntary manslaughter and attempted murder with firearm specifications, with a sentence of 13 years in prison, including credit for time served.
 {¶ 6} On July 31, 2006, appellant filed the instant legal malpractice claim against Luskin and Rubin, alleging the same facts as in his initial appeal for, inter alia, ineffective assistance of counsel, filed on September 25, 1998. On September 18 and 29, 2006, the court dismissed appellant's case with prejudice against Rubin *Page 5 
and Luskin, respectively, based on Civ.R. 12(B)(6), specifically, failure to state a claim because the statute of limitations for legal malpractice had expired. It is from these dismissals that appellant now appeals.
 II. {¶ 7} Appellant assigns five errors for our review and as they are interrelated, we will discuss them together. They are as follows:
 {¶ 8} "Trial court erred when it dismissed plaintiff's complaint for failing to state a claim based on the statute of limitations, where from the face of the complaint it was not conclusively shown that the claim was time barred."
 {¶ 9} "Trial court erred in granting motion to dismiss by concluding that the accrual date of plaintiff's claim for legal malpractice based on a breach of contract was not when plaintiff discovered the breach, and where it incorrectly began to run the one-year statute of limitations for malpractice from a date prior to when the breach was discovered."
 {¶ 10} "Trial court's ruling granting motion to dismiss is contrary to law where the complaint does not conclusively show that the action is time barred, and where there were no findings beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief where all allegations were presumed and accepted as true." *Page 6 
 {¶ 11} "Trial court erred in granting motion to dismiss by concluding that the accrual date of plaintiff's claim for civil rights violation was not when plaintiff discovered the violations, and when it incorrectly began to run the statute of limitations for tort actions prior to when plaintiff discovered the civil rights violations."
 {¶ 12} "Trial court erred in construing defendant, Irl Rubin's, motion to dismiss applicable to all defendants, and dismissing plaintiff's claim completely."
 {¶ 13} We first note that "an action against one's attorney for damages resulting from the manner in which the attorney represented the client constitutes an action for malpractice within the meaning of R.C.2305.11, regardless of whether predicated upon contract or tort or whether for indemnification or for direct damages." Muir v. Hadler RealEstate Management Co. (1982), 4 Ohio App.3d 89, 90. In addition, a Civ.R. 12(B)(6) motion for failure to state a claim based on an expired statute of limitations may be granted "when the complaint shows on its face the bar of the statute." Leski v. Ricotta, Cuyahoga App. No. 83600,2004-Ohio-2860 (citing Mills v. Whitehouse (1974), 40 Ohio St.2d 55,58). We review a Civ.R. 12(B)(6) motion to dismiss under a de novo standard.
 {¶ 14} The statute of limitations for legal malpractice in Ohio is one year from the date the cause of action accrued. R.C. 2305.11(A). Regarding the accrual date, we previously held the following:
 "The statute of limitations begins to run either when the client discovers or should have discovered his injury or when the attorney-client *Page 7 
relationship for that particular transaction terminates, whichever is later. Omni-Food Fashion, Inc. v. Smith (1988), 38 Ohio St.3d 385. When determining when the client should have discovered his injury, we look for a cognizable event whereby the client discovers or should have discovered that his injury was related to the attorney's action or inaction and realizes the need to pursue possible remedies against the attorney."
Collins v. Morgan (Nov. 16, 1995), Cuyahoga App. No. 68680.
 {¶ 15} A cognizable event is an event that "puts a reasonable person on notice that a questionable legal practice may have occurred," and should be analyzed on a case-by-case basis. Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, 58. In Collins, we held that the cognizable event was the date of the defendant's felony conviction. "Because Collins' allegations of negligence pertained to actions taken by Morgan during the pendency of the criminal case, we conclude he should have discovered these alleged errors, at the latest, when he was convicted of the felonious assault charge in July 1992." Id. See, also,Taylor v. Oglesby, Lucas App. No. L-05-1064, 2006-Ohio-1225 (holding that the cognizable event occurred "when Taylor, through new counsel, filed his motion to reopen his appeal * * * [which] specifically alleged that counsel, both at trial and on appeal, was ineffective with respect to the handling of this speedy trial claim").
 {¶ 16} In the instant case, appellant argues that the statute of limitations began to run on August 9, 2005, when the federal court of appeals ruled in his favor regarding his ineffective assistance of counsel claim. If this date triggers the statute, *Page 8 
appellant's legal malpractice claim would be considered timely, as it was filed on July 31, 2006. Luskin and Rubin, on the other hand, argue that the statute of limitations began to run on September 21, 1998, which is the date of appellant's sentencing, rather than his conviction. It is unclear why Luskin and Rubin chose this date; however, for the purpose of this opinion, we will assume they meant appellant's September 18, 1998 conviction date. We also note that by September 25, 1998, when the first appeal was filed, the legal relationship between appellant and Luskin/Rubin had been terminated. Not to put too fine a point on it, Luskin and Rubin argue that the statute of limitations ran in the month of September 1999; thus, appellant's July 31, 2006 claim was time barred on its face.
 {¶ 17} Appellant urges us to believe that he "discovered" Luskin and Rubin "breached the contract" when the Sixth Circuit Court of Appeals ruled that ineffective assistance of counsel tainted appellant's trial. However, as stated earlier, legal malpractice claims may not be disguised as breach of contract claims; therefore, our hands are bound by precedent determining that the triggering event for a legal malpractice claim is when a client knows, or should have known, of the alleged ineffectiveness. It logically flows that when one alleges ineffective assistance of counsel on appeal, one is aware that ineffectiveness potentially exists. Appellant has been persistent and ultimately triumphant in preaching that Luskin and Rubin were not effective when representing him in the 1998 murder case — from an appeal *Page 9 
on the merits of that deficient performance, through 2005 when his petition for habeas corpus was granted, to the instant civil case requesting money damages. Appellant cannot now claim that he was unaware of his counsels' poor performance, whether couched as ineffective assistance or legal malpractice, over that eight-year stretch.
 {¶ 18} Accordingly, we find no error with the court dismissing appellant's legal malpractice claim, as he filed it outside the one-year statutory limitation, and his five assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and ANN DYKE, J., CONCUR. *Page 1